HAWKINS *v.* STATE.

No. 39378          January 17, 1955          77 So. 2d 263

*Carl A. Chadwick, Berger & Callon,* Natchez, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Joseph Hawkins, was convicted in the County Court of Adams County of an attempt to rape Mrs. Elizabeth Louise Jones, and sentenced to a term of nine years in the State penitentiary. From this judgment he appeals.

The appellant assigns and argues three main points for the reversal of this case: (1) That the court erred in overruling the demurrer to the indictment; (2) that the evidence was insufficient to support the verdict and against the overwhelming weight of the evidence; and (3) that the court erred in refusing to admit in evidence the results of a lie detector test given appellant.

The indictment, omitting the formal parts, is as follows: ". . . did unlawfully and designedly, with actual violence, make an assault upon the body of one Mrs. Elizabeth Louise Jones, a female, and the said Joseph Hawkins therein *did then and there lay hold of the body of the said Mrs. Elizabeth Louise Jones upon the bed of the said Mrs. Elizabeth Louise Jones, then and there situate,* with the felonious intent, design and endeavor, her, the said Mrs. Elizabeth Louise Jones, violently, knowingly, forcibly and against her will feloniously to ravish and carnally know." (Emphasis ours.)

The grounds of the demurrer were that the indictment charged no offense known to the law; it does not allege sufficient overt acts from which an attempt to rape could be proven; and that it would be mere guesswork and surmise as to whether appellant intended to kill, injure, rob, or rape her.

The indictment was drawn under Section 2017 of the Mississippi Code of 1942, which provides in part as follows: "Attempt to commit offense — how punished — Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same . . ."

In the case of State v. Wade, 102 Miss. 711, 59 So. 880, the State appealed from a judgment sustaining a demurrer to an indictment under this section (it was then Sec. 1049, Code of 1906). The indictment charged: ". . . that Ben Wade, Jr., in said county, on the 13th day of March, A. D. 1912, did unlawfully and designedly, with actual violence, make an assault upon the body of one Fannie Sample, a female, and said Ben Wade, Jr., therein *did then and there lay hold of the body of the said Fannie Sample, and her, the said Fannie Sample, did then and there throw her, said Fannie Sample, upon the bed of said Fannie Sample, then and there situate,* with the felonious intent, design, and endeavor her, the said Fannie Sample, violently, knowingly, forcibly, and against her will feloniously to ravish and carnally know, . . . " (Emphasis ours.)

The Court, in holding that this indictment was sufficient to charge an attempt, said: "In order to charge an attempt to commit a crime, it is only necessary to allege an attempt so to do, coupled with an act toward it, falling short of the thing intended." As will be observed from the emphasized parts of the indictment in the instant case and in the Wade case, supra, the indictments are practically identical as to the overt act charged. We are of the opinion that the indictment in the instant case was sufficient. Compare Lindsey v. State, 202 Miss. 896, 32 So. 2d 876.

The appellant contends that the evidence of the prosecutrix is unreasonable, inconsistent, and unbelievable,

758

and not sufficient to support the verdict. The prosecutrix was corroborated by a number of witnesses, including a doctor and officers of the law, as to her condition and wounds immediately after the assault was committed.

Since we have reached the conclusion that the evidence was ample to sustain the conviction, we will not detail the testimony. The testimony of the prosecutrix stands unimpeached and, as heretofore stated, is corroborated by numerous witnesses. The appellant exercised his constitutional right to remain silent, and he offered no evidence in his behalf denying the occurrence as related by prosecutrix.

In the case of Hinton v. State, 175 Miss. 308, 166 So. 762, this Court said: ''We are asked to reverse the case because the testimony of the chief state witness, Willie Hinton, is so unreasonable and unreliable that a verdict ought not be allowed to stand thereon. The inconsistencies in her testimony, if such there were, are wholly arguments for the jury, and she stands unimpeached in the record. We cannot disturb the verdict where a witness is unimpeached because the witness' conduct was different from what another might have done under the same circumstances. The jury are the sole judges of the weight and credibility of the evidence, and, under our system, are the exclusive triers of fact. The testimony in this case is not improper, is not contradicted, is not so highly improbable that the truth of it becomes so extremely doubtful as to be repulsive to the reasoning of the ordinary normal mind.''

Appellant offered a private investigator to testify as to the result of a lie detector test. We hold that the court committed no error in refusing to admit in evidence the results of this test. Henderson v. State of Ok-

lahoma, 230 Pac. 2d 495, 23 A. L. R. 2d 1292. Evidence of this nature on behalf of a defendant has not been held admissible by the higher appellate courts of any state. See Note, 23 A. L. R. 2d 1306.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Gillespie, JJ.,* concur.