Jacob Thomas was indicted for assault and battery by intentionally pointing and aiming a pistol at one Eddie Evans and discharging the pistol and wounding Evans. The indictment was brought under Mississippi Code 1942 Annotated, section 2013 (1956), which provides as follows:
 Any person who shall intentionally point or aim any gun, pistol, or firearm at or toward another, except in self-defense or in the lawful discharge of official duty, shall be punished by a fine of not more than five hundred dollars, or imprisonment in the county jail not longer than six months, or both; and any person who shall discharge such firearm, so intentionally pointed or aimed, shall be punished by not exceeding double such fine or imprisonment, or both; and any person who, by such discharge, shall maim, kill, or injure another, shall be punished by imprisonment in the penitentiary not exceeding five years.
The case was tried in the Circuit Court of Bolivar County. The jury found defendant guilty and he was sentenced to serve one year in the state penitentiary.
Appellant first urges that defendant was entitled to a directed verdict of not guilty. This assignment of error is based on the contention that the State did not prove the element of intent on the part of defendant. The shooting occurred between one and three o'clock on Sunday morning near a "juke house" in the community of Skene. State witness Evans and his wife went to the "juke house" where appellant was. Evans and appellant were friends and they laughed and talked together for a time. Sometime later, Evans and his wife went to their car; his wife got into the front seat, and about that time the defendant came out and asked Evans if he had a "car *Page 288 
pump". Upon being told by Evans that he did not have one, appellant said: "Ed, give me my car keys." Evans said: "I ain't got your car keys, Jake." Evans was standing up against his car and appellant continued to demand that Evans give him his car keys. After some time during which the appellant continued to argue about the car keys, Evans' wife, Thelma, said three times to her husband that appellant had a gun. She saw it pointed toward her husband. About the time she told her husband for the third time that appellant had a gun, the gun discharged and struck Evans in the knee. Thelma Evans testified that prior to the shooting, "Ed was standing right out kind of from his car, they was steady arguing about the car keys."
The statute requires proof that appellant "intentionally" pointed or aimed the gun at Evans. We think the proof on this point is ample. Evans was a reluctant witness and stated that he thought the pointing of the gun and the shooting was accidental. It is clear from Thelma Evans' testimony that appellant was insisting that Evans had his car keys and Evans was insisting that he did not have them. After this argument had continued for some length of time, appellant pointed the pistol at Evans and it was discharged, wounding Evans. Evans' wife had said three times before the shooting that appellant had a gun. Up to the time she thus warned her husband, "they was steady arguing about the car keys." In our opinion there was ample evidence to justify the jury in finding that appellant intentionally pointed or aimed the gun. Newburn v. State, 205 So.2d 260 (Miss. 1967).
Appellant also assigns as error the overruling of appellant's objection to certain leading questions propounded to Evans by the District Attorney. It was shown that after the shooting and shortly before the trial Ed Evans had signed an affidavit that he thought the pointing of the gun and the shooting were accidental and at the time this affidavit was signed, appellant argeed to pay all of Ed Evans' hospital bill. The trial judge has some discretion in determining whether to allow the District Attorney to lead his own witness. Summerville v. State, 207 Miss. 54,41 So.2d 377 (1949). Appellant relies on Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964) but that case was reversed because of the errors in the instructions. Hall did not undertake to determine what constitutes a proper foundation to impeach one's own witness in all cases. In the present case Eddie Evans had signed a statement that the shooting was an accident and that appellant did not intentionally point the gun at him. Appellant had agreed to pay Evans' hospital bills. We are of the opinion that the trial judge did not abuse his discretion in allowing the district attorney to ask leading questions. Evans' testimony as to what actually happened indicated the pointing of the gun was no accident. It seems clear that he was attempting to aid the appellant by saying the pointing and shooting was an accident.
Finding no reversible error, the case is affirmed.
Affirmed.
RODGERS, INZER, SMITH and ROBERTSON, JJ., concur. *Page 518