PATTERSON, Justice.
This appeal arises from the Circuit Court of the Second Judicial District of Jones County. Homer Ward was indicted for, convicted of and sentenced to a term in the penitentiary for intentionally pointing a shot gun at Beulah McLaurin Evans and feloniously discharging the same to her injury in violation of Mississippi Code 1942 Annotated section 2013 (1956), Assault and Battery — Pointing, aiming a gun.
The essence of the charge by the terms of the statute is the intentional pointing or aiming of the gun. Barnes v. State, Miss., 249 So.2d 383, decided June 7, 1971; and Thomas v. State, 217 So.2d 287 (Miss. 1969). Evidence of an intentional pointing or aiming is necessary to sustain a conviction under the statute.
A review of the record discloses that the State’s primary witness, the victim of the shooting, was totally unable to identify the person who shot her, the sum of her testimony being, “I don’t know who shot me. I told you that.”
The remainder of the State’s evidence consists of a confession by the defendant which was related to the jury by Deputy Sheriff Lowe. It is as follows:
Homer Ward told us that him and Alvin Barnett and Charles Moffett were taking Beulah McLaurin home and they turned off on a dirt road and went approximately one mile or so and stopped the car and the question arose that they wanted sexual intercourse with Beulah McLaurin and at this time she did not want to have sexual intercourse with Homer Ward. They got out of the car and there were some words passed and Alvin Barnett was having sexual intercourse with Beulah McLaurin and Homer Ward taken the shotgun from under the front seat of the car and two shells from the dash and while Alvin was having intercourse with Beulah, Homer hit Alvin on the side of the head with the shotgun and cocked the gun and went to lay it down and the gun went off and he saw that Beulah was shot and put the gun back in the car and went up the road.
We are unable to glean from the proof offered by the State any evidence whatsoever that the defendant intentionally pointed or aimed the gun at Beulah Mc-Laurin Evans. It is our opinion, therefore, that the trial court erred when it did not sustain the defendant’s motion for a directed verdict at the conclusion of the State’s evidence.
Reversed and the defendant is hereby discharged.
ETHRIDGE, C. J., and INZER, SMITH and ROBERTSON, JJ., concur.