330 So.2d 277 (1976)
Fredrick Douglas MAXIE
v.
STATE of Mississippi.
No. 49015.
Supreme Court of Mississippi.
April 13, 1976.
Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, WALKER and BROOM, JJ.
BROOM, Justice, for the Court.
Validity of an indictment purporting to charge Maxie (appellant herein) with the crime of attempt to rape, and his standing to raise such issue is the crux of the case before us. Trial was in the Circuit Court of the First Judicial District of Hinds County where appellant was convicted and sentenced to serve a ten-year prison term. We reverse.
The charging part of the indictment is in the following language:
"[D]id unlawfully, wilfully, feloniously and forcibly attempt to rape and ravish ..., a female above the age of twelve years, without the consent and against the will of... ."
No demurrer was filed by appellant, but at the close of the State's case he moved for a directed verdict, and when both sides rested, he asked for a peremptory instruction.
Appellant was charged under Mississippi Code Annotated section 97-1-7 (1972), which was Mississippi Code 1942 Annotated section 2017 (1956).
As we held in Ford v. State, 218 So.2d 731 (Miss. 1969) indictments under this statute (which has been substantially unchanged since Hutchinson's Code of 1848) must set forth two elements: (1) the intent to commit the offense, and (2) an overt act toward its commission. While Ford was not an attempted rape case, it was drawn under what is now section 97-1-7, supra. Hawkins v. State, 222 Miss. 753, 77 So.2d 263 (1955), an attempted *278 rape case, held that such an indictment must allege "an attempt ... coupled with an act toward it."
State v. Lindsey, 202 Miss. 896, 32 So.2d 876 (1947), held that an indictment for attempted rape was insufficient though it alleged as an overt act that the defendant made the attempt "by stalking, chasing and running after" the victim. Such language was adjudged faulty because it could have been just as descriptive of an attempt to commit "murder, assault and battery, robbery or rape."
Clearly the skimpy language of the present indictment rendered it so faulty as to be not curable by amendment, and it could not have properly withstood a demurrer at the trial level. However, the State (citing no authority) says the appellant has waived any error as to the sufficiency of the indictment "by failing to demur" to it. The correct rule is that if an indictment does not allege an essential ingredient of the crime charged, as is true here, such a defect is not waived by failure to demur. Watson v. State, 291 So.2d 741 (Miss. 1974); Meyer(s) v. State, 193 So.2d 728 (Miss. 1967); Langford v. State, 239 Miss. 483, 123 So.2d 614 (1960).
As stated by Gillespie, P.J., in Meyer(s), unless we overrule the cited cases, "the present case must be reversed." See Harris v. State, 329 So.2d 525 (Miss., handed down April 6, 1976), where in a contrasting case we upheld an indictment which properly charged the overt act in an attempted robbery case. Fairness requires that this case be reversed so that appellant may be tried upon a valid indictment.
REVERSED AND REMANDED WITH APPELLANT TO BE HELD UNDER BOND TO AWAIT FURTHER ACTION OF THE GRAND JURY.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.