384 So.2d 605 (1980)
J.C. ALLEN and William D. Chamblee
v.
STATE of Mississippi.
No. 51901.
Supreme Court of Mississippi.
May 28, 1980.
J.O. Hollis, Morris C. Phillips, Jr., Carthage, for appellants.
Bill Allain, Atty. Gen., by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court.
J.C. Allen and William D. (Sonny) Chamblee, males, appeal their conviction in the Leake County Circuit Court of the crime of attempted rape of a female under the age of 12 years. Allen and Chamblee were jointly indicted and jointly tried. The jury found both defendants guilty and fixed their punishment at 15 years in the Mississippi State penitentiary.
The four assignments of error are:
I. The court erred in overruling the demurrer to an indictment which did not state an overt act constituting an attempt.
II. The court erred in overruling a motion for new trial as the verdict was against the weight of the evidence.
III. The court erred in permitting the state to ask its chief witness leading questions.
IV. The court erred in questioning a state's witness in chambers outside the presence of appellants or their attorneys to determine her competency to testify.
*606 The state's principal witnesses were a 15-year-old boy, Percy Hamilton, a 9-year-old girl, Margie Prince, who was allowed to testify as a rebuttal witness, and Mrs. Sylvia Sanders, a social worker with the welfare department, who also testified in rebuttal.
The principal witnesses for the defense were Carol Ann Jones, the 11-year-old alleged victim (who denied that the defendants had attempted to rape her), and her mother, Mrs. Ethel Mae Jones, who testified that Sonny Chamblee came into the kitchen for a cup of coffee and then was in the living room at 7:30 a.m., December 11, 1978, when the attempted rape was allegedly taking place.
Mississippi Code Annotated section 97-1-7 (1972) defines an attempt to commit an offense in this way:
"Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, ..."
The indictment charges:
"[D]id wilfully, unlawfully, feloniously and forcibly, by the use of physical violence to the person of Carol Ann Jones, attempt to rape, ravish and carnally know her, the said Carol Ann Jones, a female child of previous chaste character under the age of 12 years, being prevented from completing said attempt by being discovered by Percy Hamilton, ..."
While the indictment could have been more specific, we are of the opinion that the overt act was sufficiently charged in this language of the indictment: "by the use of physical violence to the person of Carol Ann Jones, ..."
The indictment in the case at bar was more specific than the indictment in Maxie v. State, 330 So.2d 277 (Miss. 1976). The indictment here is similar to the one in Hawkins v. State, 222 Miss. 753, 77 So.2d 263 (1955), which we found sufficiently stated an overt act toward the commission of an attempted rape.
There is no merit in this first assignment of error.
Defendants next contend that the verdicts are against the weight of the evidence. The evidence was conflicting, three witnesses testifying for the prosecution, and three for the defense. It was up to the jury to decide how much and what parts of each witness's testimony they would believe and how much and what parts of each witness's testimony they would not believe. There was sufficient credible evidence in the record to sustain the jury's verdict of guilty against each defendant and the court was correct in overruling the motions for directed verdicts and the motion for a new trial.
The third assignment of error that the court erred in permitting the state to ask Percy Hamilton leading questions is not meritorious. Hamilton was a 15-year-old witness who was reluctant to testify as to the sordid details. He was also afraid of both defendants. Some of the questions complained of were not leading questions. Also, the trial judge has wide authority and broad discretion in passing on the form of questions asked minors, and unless there is a clear abuse of discretion resulting in prejudice to the complaining party, the asking of leading questions to minors has been held by us not to be reversible error. Seals v. St. Regis Paper Company, 236 So.2d 388 (Miss. 1970); Thomas v. State, 217 So.2d 287 (Miss. 1969).
The last assignment of error is that:
"The court committed error by questioning 9-year-old Margie Prince in chambers outside the presence of the appellants and/or their attorneys and without the knowledge of the appellants and/or their attorneys."
When the prosecution offered Margie Prince as a rebuttal witness, defense counsel objected and asked that the jury be retired. Defense counsel then made this statement:
"If the Court, please, this young lady took the witness stand a few days ago in *607 another case of the same type, wherein these Defendants were charged with attempted rape of her. She failed to qualify as a witness on that occasion, and I submit to the Court that if she was not qualified as a witness on that occasion, that, likewise, she is not qualified as a witness in this case. The Court is familiar with the reasons she was not qualified. If the Court wants me to spell them out, I will."
In response to defense counsel's objection, the court answered:
"I have today in Chambers questioned this young lady in the presence of a Deputy Sheriff and Mrs. Sanders of the Welfare Department with reference to her ability to testify, and more particularly with reference to her understanding of the sordid mess we have here. She is nine years old, but with reference to what we have been talking about all day, sex, of adults and children, and sex among children, I feel that she has been overly educated in that field, and that she understands more than a child of her age should understand... . I feel in my examination the other week combined with the examination I conducted today, and I had the unpleasant experience of questioning this young lady in Chambers on her knowledge of sex, not on her knowledge as you ordinarily do on knowing the difference between right and wrong, and things she should know. It was my unpleasant task to determine if she really understood what she saw. As I say, I feel like she has had an over-education in that field. I am going to permit her to testify."
The testimony of this 9-year-old girl was very damaging to the defendants and could very well have been the testimony that most influenced the jury in finding the defendants guilty. She testified as to the overt act necessary to prove an attempt, and also the transfer from one defendant to the other of an open pocketknife used to threaten both girls.
The disclosure by the trial judge of this in-chambers interrogation of this 9-year-old girl took defense counsel completely by surprise. Neither defense counsel nor the defendants knew anything about it until they were informed by the trial judge that he had conducted such an interrogation, and was going to relax the rule and let Margie Prince testify, even though he had refused to let her testify in a similar case the week before.
In our opinion the examination of this 9-year-old to determine her competency to testify was a crucial stage of the trial for the defendants.
In Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562, 572 (1975), the United States Supreme Court stated:
"[A]n accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings."
The Supreme Court of Minnesota in State v. Grey, 256 N.W.2d 74, 76 (Minn. 1977), expressed itself on a similar question in this way:
"Due process requires defendant `to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674, 678 (1934). In addition to having a Fourteenth Amendment right to be present, every criminal defendant has a Sixth Amendment right to confront and cross-examine adverse witnesses. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)."
This Court has not been called on before to rule on this exact question, but we did reverse a murder conviction in Myers v. State, 254 So.2d 891 (Miss. 1971), because the defendant was not present in the judge's chambers when his court-appointed attorney moved for permission to withdraw as counsel. We held that the trial judge should not have heard this motion outside the presence of the defendant.
In Hill v. Commonwealth, 474 S.W.2d 95 (Ky.App. 1971), the trial court conducted a *608 "court of inquiry", without the defendant or his counsel being present, to hear testimony on whether to grant a motion for a new trial. The facts learned by the court during this inquiry were used to justify its opinion overruling a motion for a new trial. The Kentucky Court of Appeals held:
"Passing for the time being the question of whether a circuit court has jurisdiction to call a court of inquiry, we are of the opinion that this institution cannot be used as a vehicle for a trial court in the course of its proceedings to gather evidence upon its own to use in a pending case before it. To permit its use in the manner in which it has here been utilized would be to deprive a party of the right to be heard by himself and his counsel in all proceedings and to meet the witnesses face to face and to cross-examine. We believe the procedure as used here violates the rights of the accused set out in Section 11 of the Constitution of Kentucky. Anytime a trial court conducts an evidentiary hearing for the purpose of ascertaining facts upon which it is to base a ruling, certainly all parties have the fundamental right to be present and to cross-examine the witnesses. For these reasons, we believe the trial court abused its discretion when it used evidence gleaned in the court of inquiry proceeding to overrule defendant's motion and grounds for a new trial." 474 S.W.2d at 99.
Here, as in Hill, the trial court conducted an evidentiary hearing for the purpose of ascertaining facts upon which it could base a ruling. On the basis of this in-chambers testimony, it overruled the defense counsel's objections to the competency of Margie Prince to testify. Certainly the defendants and their counsel had the right to be informed of this hearing and to be present and to cross-examine Margie Prince.
A good rule of thumb for a trial court to follow, in deciding whether a defendant should be present at some stage of the trial, is found in Tisdale v. State, 41 Md. App. 149, 396 A.2d 289, 292 (1979):
"By way of short preface, we caution the trial courts that a defendant's right of presence is a fundamental one, not to be trifled with; and, if there is the slightest doubt as to whether a particular matter or event arising during the course of a trial is a `stage of the trial' requiring the defendant's presence, the doubt should, wherever possible, be resolved in his favor; i.e., mandating his presence. This is simply a matter of exercising abundant care to assure that the trial is not only fair in fact, but also in appearance." (Emphasis added).
Because the trial court conducted an in-chambers interrogation of this 9-year-old witness to determine her competency to testify without informing defendants or their counsel and without giving them a chance to be present at the interrogation or to knowingly and voluntarily waive their right to be present, it is necessary for this Court to reverse the judgment of the trial court and to remand this case for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.