445 So.2d 1364 (1984)
Jacob HENDERSON
v.
STATE of Mississippi.
No. 54662.
Supreme Court of Mississippi.
February 8, 1984.
T. Frank Collins, Collins & Dreher, Jackson, for appellant.
Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
*1365 ROBERTSON, Justice, for the Court:

I.
This case presents the question whether the rules of English grammar are a part of the positive law of this state. If they are, Jacob Henderson's burglary conviction must surely be reversed, for the indictment in which he has been charged would receive an "F" from every English teacher in the land.
Though grammatically unintelligible, we find that the indictment is legally sufficient and affirm, knowing full well that our decision will receive of literate persons everywhere opprobrium as intense and widespread as it will be deserved.

II.
On May 15, 1982, the Maaco Paint Shop in Jackson, Mississippi, was burglarized. Jacob Henderson was arrested immediately thereafter, four items of stolen merchandise still in his possession.
On July 6, 1982, Henderson was formally charged with business burglary in violation of Miss. Code Ann. § 97-17-33 (1972) in an indictment returned by the Hinds County Grand Jury. The indictment further charged that Henderson was a recidivist within the meaning of Miss. Code Ann. § 99-19-81 (Supp. 1983). Henderson entered a plea of not guilty to all charges.
On February 9, 1983, this case was called for trial in the Circuit Court of Hinds County. In due course, the jury found Henderson guilty on the principal charge of burglary.
Immediately thereafter, the circuit court conducted a non-jury hearing on the recidivism issue. Without contradiction, the evidence *1366 established that Jacob Henderson had, prior to that date, been convicted of two separate felonies, both burglaries. Accordingly, under the authority of Section 99-19-81 the circuit court sentenced Henderson to serve a term of seven years without eligibility for probation or parole.
From this conviction and sentence, Henderson appeals.

III.

A.
The primary issue presented on this appeal regards the legal adequacy of the indictment under which Henderson has been tried, convicted and sentenced. That indictment, in pertinent part, reads as follows:
The Grand Jurors for the State of Mississippi, ... upon their oaths present: That Jacob Henderson ... on the 15th day of May, A.D., 1982.
The store building there situated, the property of Metro Auto Painting, Inc., ... in which store building was kept for sale or use valuable things, to-wit: goods, ware and merchandise unlawfully, feloniously and burglariously did break and enter, with intent the goods, wares and merchandise of said Metro Auto Painting then and there being in said store building unlawfully, feloniously and then and there being in said store building burglariously to take, steal and carry away; And
One (1) Polaroid Land Camera,
One (1) Realistic AM/FM Stereo Tuner
One (1) Westminster AM/FM radio
One (1) Metal Box and contents thereof, ...
the property of the said Metro Auto Painting then and there being in said store building did then and there unlawfully, feloniously and burglariously take, steal and carry away the aforesaid property, he, the said Jacob Henderson, having been twice previously convicted of felonies, to-wit: ... .
The remainder of the indictment charges Henderson with being a recidivist.
Henderson, no doubt offended, demurred. In support, he presented an expert witness, Ann Dreher, who had been a teacher of English for nine years. Ms. Dreher testified that, when read consistent with accepted rules of English grammar, the indictment did not charge Jacob Henderson with doing anything; rather it charged that goods, ware and merchandise broke and entered the paint store. The trial judge overruled the objection and the motion, but not without reservation. He stated:
[T]his same objection has been made numerous times. It is one of Mr. Hailey's pets. [B]ut as far as I know no one has elected to appeal and I'm going to follow the decision whether it is grammatically correct or not. I have repeatedly begged for six years or five years for the district attorney not to use this form. It is very poor English. It is impossible English... . . In addition to being very poor English, it also charges him with the crime of larceny, which is not necessary to include in an indictment for burglary. I never did understand the reason for that. I again ask the district attorney not to use this form. It's archaic. Even Shakespeare could not understand the grammatical construction of this indictment. But the objection will be overruled. Maybe it will take a reversal on a case of a similar nature where there is a serious offense as this one is by the fact that he is indicted as a habitual to get the district attorney's attention.

B.

1.
In the trial court and on this appeal, Henderson insists that the meaning of the indictment may be obtained only within the strait jacket of accepted rules of grammatical construction of the English language. From this point of view, we are asked to examine the indictment and concentrate on the words "... unlawfully, feloniously and burglariously did break and enter... ." Who, we are asked, when the rules of good grammar are employed, did this alleged breaking and entering?
*1367 There are two possible answers (again, looking at the indictment as would an English teacher). "Goods, ware and merchandise" are the most obvious choice. Those nouns proximately precede the verb(s) "did break and enter" (separated only by the familiar string of adverbs "unlawfully, feloniously and burglariously"  the district attorney, like other lawyers, never uses one word when two or three will do just as well). Thus read, the indictment charges that Goods, ware and merchandise, not Jacob Henderson, burglarized the Maaco Paint Shop on May 15, 1982.
More properly, however, the words "Goods, ware and merchandise" are seen as the tail end of a largely unintelligible effort to describe something else: the store building. A perceptive English grammarian would conclude that it is "the store building there situated... ." which is charged with the burglary, for those words seem to constitute the subject of the nonsensical non-sentence we are charged to construe.
Even so, whether the indictment charges that "Goods, ware and merchandise" or "The store building there situated" ... "unlawfully, feloniously and burglariously did break and enter... ." matters not to Jacob Henderson. His point is merely that the indictment does not charge that he did the breaking and entering.
Were this a Court of nine English teachers, Henderson no doubt would prevail.
The indictment does contain at the outset the charge "That Jacob Henderson ... on the 15th day of May, A.D., 1982." We have another non-sentence. The unmistakable period after 1982 is used by astute defense counsel to nail down the point  that the indictment fails to charge that Jacob Henderson did anything on May 15, 1982. Again, we must concede that grammatically speaking counsel is correct. The period after 1982 grammatically precludes the possibility that the indictment charges that Jacob Henderson did break and enter. Either the words "did break and enter" would have to precede the period, or the name Jacob Henderson would have to appear following it. Neither is the case.
Recognizing that the period is important, the State argues that in reality the indictment consists of one long sentence, written albeit in legalese instead of English. The State argues that "the period grammatically disjoined the first part of the sentence from the second", conceding that we are indeed confronted with "a patently inappropriate period". This, of course, prompts Henderson to analogize the state's argument to Lady Macbeth's famous "Out damned spot! Out, I say!"[1] W. Shakespeare, Macbeth, Act V, sc. 1, line 38. The retort would be telling in the classroom or in a court of the literati. Alas, it has meager force in a court of law.

2.
With no little temerity, we insist that the correct statement of the question before this Court is: Does the indictment conform to the requirements of Rule 2.05, Uniform Criminal Rules of Circuit Court Practice. That rule provides:
Rule 2.05
FORM OF THE INDICTMENT
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
An indictment shall also include the following:
(1) The name of the accused;
(2) The date on which the indictment was filed in each court;
(3) A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
(4) The county and judicial district in which the indictment is brought;

*1368 (5) The date and if applicable the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient;
(6) The signature of the foreman of the grand jury issuing it; and
(7) The words "against the peace and dignity of the state".
We have no significant prior constructions of Rule 2.05. We have referred to it with little comment in Osborne v. State, 404 So.2d 545, 548 (Miss. 1981), Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983), and in Joshua v. State, 445 So.2d 221 (Miss. 1984).
For better or for worse, nothing in Rule 2.05 requires any adherence to correct grammatical form. We know of no constitutional or natural law that might supplement Rule 2.05 with the rules of good grammar.[2]
Rule 2.05 states that "formal or technical words are not necessary". Correct grammar, however desirable, is similarly unnecessary. So long as from a fair reading of the indictment taken as a whole the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.
The instant indictment, however inartfully worded, clearly charges Jacob Henderson with the crime of business burglary. It informs Henderson that the burglary is alleged to have occurred on May 15, 1982. The indictment names the business burglarized as Maaco Paint Shop operated by Metro Auto Painting, Inc. It charges that the crime occurred within the First Judicial District of Hinds County. Further, the indictment identifies the items of property said to have been stolen in the course of the burglary.[3]
Viewing the indictment under Rule 2.05, we find it legally adequate.[4] It provides Henderson with a "written statement of the essential facts constituting the offense charged" in language which is "plain, concise and definite", albeit grammatically atrocious. Beyond that, the indictment notified Henderson of "the nature and cause of the accusation against him".
Establishment of a literate bar is a worthy aspiration. 'Tis without doubt a consummation devoutly to be wished. Its achievement, however, must be relegated to means other than reversal of criminal convictions justly and lawfully secured.
The assignment of error is rejected.

IV.
Before trial Henderson filed a motion in limine wherein he sought to restrict questioning of prospective jurors during voir dire examination. Specifically, Henderson urged that the prosecutor be barred from inquiring, in the presence of the entire panel, regarding a prospective juror's involvement with criminal acts as either victim or perpetrator. On appeal, Henderson claims that the failure to grant the motion prejudiced the defendant in that the questioning created an aura of rampant *1369 crime in the streets in the minds of the jury panel.
Henderson argues that the rule of evidence, which prohibits the discussion of other criminal behavior of the defendant, is based on the same logical premises as is this assignment of error. We beg to differ. Suffice it to say that we divine no reason in common law or common sense that would support Henderson's point.
The assignment of error is denied.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] It cannot be gainsaid that all the perfumes of Arabia would not eviscerate the grammatical stench emanating from this indictment. Cf. W. Shakespeare, Macbeth, Act V, sc. 1, lines 56-57.
[2] This is not the first time this Court has placed its collective head on the grammarian's chopping block by insisting upon the clarity of a meaning clearly untenable under correct grammatical construction of language. We did this with an inartfully drafted regulation of the State Tax Commission, Columbia Gulf Transmission Co. v. Barr, 194 So.2d 890, 894 (Miss. 1967). We have done it with pre-Rule 2.05 indictments. State v. Lee, 111 Miss. 773, 72 So. 195, 196 (1916); Morgan v. State, 13 Smedes & M. (21 Miss.) 242 (1849).
[3] We agree with the trial judge that the language in the indictment charging larceny is unnecessary surplusage.
[4] Our attention has been called to numerous pre-Rule 2.05 cases, principal of which is Kelly v. State, 204 Miss. 79, 36 So.2d 925 (1948). Many of our older cases required that an extremely strict interpretation be given criminal indictments. Suffice it to say that those cases decided before August 15, 1979, the date our Uniform Criminal Rules of Circuit Court Practice were adopted, should be read with great caution. Nothing in Rule 2.05, however, or in what we say here should be construed to undermine our familiar rule that the failure of an indictment to charge an essential element of the crime does constitute a fatal defect. See Copeland v. State, 423 So.2d 1333, 1336-37 (Miss. 1982); Joshua v. State, 445 So.2d 221 (Miss. 1984).