465 So.2d 321 (1985)
James Danny HARDEN
v.
STATE of Mississippi.
No. 55417.
Supreme Court of Mississippi.
March 6, 1985.
*322 Frank A. Russell, Fulton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Central to this case is the matter of how much of an overt act must be committed before one is guilty under the laws of this state of the crime of attempted rape. We hold that a lewd suggestion to the victim coupled with the defendant's physically grabbing his victim and attempting to carry her away only to have her break free are under the facts of this case sufficient.
This appeal also presents questions regarding the sufficiency of an indictment for the offense of attempted rape, as well as the question whether the State prosecuted the defendant under the proper statutes. Finding no error, we affirm.

II.

A.
On September 24, 1982, at approximately 6:00 p.m., Janice Griffin was in the midst of a three or four mile exercise walk on the outskirts of Tupelo, Mississippi. A black truck went back and forth past Griffin a couple of times and then pulled up beside her. The driver, James Danny Harden, Defendant below and Appellant here, said, "Do you want to f____?" Griffin told him to "Go to Hell" and attempted to walk past Harden, but Harden pulled his truck forward and blocked her path. Harden began to get out of his truck, and Griffin began to run. Harden got back in his truck and chased after Griffin. After overtaking Griffin, Harden got out of his truck, exposed himself, and then took off running after her. Harden caught Griffin and, *323 while holding her by both her wrists, told her, "Come on, you're going with me." Harden began to drag Griffin back to his truck and she struggled with him. Finally, Griffin broke free and ran to nearby residents. Harden did not tear Griffin's clothes, nor did Griffin see any weapon.
Harden substantially corroborated these facts in a statement given to Lee County law enforcement authorities on September 25, 1982, to-wit:
I was in my black Ford pickup. As I was driving, I met a girl walking down the road. I passed her and I turned around and passed her again. I again turned around and this time I stopped beside her in my truck. I had the window down and I asked her, "Do you want to f____?" She then started running and I got out and chased her and I caught her. Right before I stopped I had unzipped my pants. After I caught her I picked her up and started carrying her back toward my truck. As I was carrying her a car came down the road and I let her go. I went back to my truck and left.

B.
Procedurally, this case had its genesis on November 5, 1982, when Harden was formally charged with attempted rape in an indictment returned by the Lee County Grand Jury. Harden entered a plea of not guilty to the charges.
On June 16, 1983, this case was called for trial in the Circuit Court sitting in Tupelo. That afternoon, after hearing all of the evidence and receiving the instructions of the court and the arguments of counsel, the jury found Harden guilty of attempted rape. By order entered June 20, 1983, Harden was committed to the custody of the Mississippi Department of Corrections for a period of four (4) years.
Harden timely moved the trial court for a new trial, assigning, among other things, the trial judge's alleged error in refusing to hold that the evidence was insufficient as a matter of law to support the verdict, and further arguing that the verdict was contrary to the overwhelming weight of the evidence. The motion was overruled, whereupon Harden perfected this appeal.

III.

A.
Under the laws of this state an attempt to commit a crime is an indictable offense separate and distinct from the crime itself. Mason v. State, 430 So.2d 857, 858 (Miss. 1983). This separate offense is defined under our law by a combined reading of the statute describing the principal offense together with our statute on attempts. Rape in the present context is defined by Miss. Code Ann. § 97-3-65(2) (Supp. 1982) as the "forcibl[e] ravish[ing of] any female of the age of twelve (12) years or upward". A person is guilty of an attempt within the meaning of Miss. Code Ann. § 97-1-7 (1972) if he
"shall design and endeavor to commit an offense [rape], and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, ... .
The question on the evidence is whether Harden's acts come near enough to the accomplishment of the substantive offense to be criminal. The gleam in the eye is not yet felonious as our statute condemns only such acts as are done in a serious attempt to commit the principal offense. In the context of this case, it was necessary that the State charge and prove that Harden designed and endeavored to rape Griffin, that he did an overt act toward the commission thereof, and either that he failed therein or was prevented from committing the crime. See West v. State, 437 So.2d 1212, 1214 (Miss. 1983).

B.
Harden argues that the indictment is fatally defective in that it fails to allege the requisite "overt" act". He makes this argument in the face of language in the indictment charging that Harden endeavored to rape his victim
... by attacking the said Janice Griffin and by making lewd suggestions to her *324 regarding sexual intercourse with her and further by violently making an assault upon said Janice Griffin....
Since the adoption in 1979 of the Mississippi Uniform Criminal Rules of Circuit Court Practice, all questions regarding the sufficiency of indictments have been determinable by reference to Rule 2.05 thereof. This rule articulates seven elements that shall be included in any indictment (and with respect to which there is here no issue) and then directs that
the indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting offense charges and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
Rule 2.05 requires notification in fact of the nature of the charge against the defendant and out of what transaction or occurrence it has arisen. If an indictment reasonably provides the accused this actual notice and includes the seven specific items enumerated in the rule, it is sufficient. Jones v. State, 461 So.2d 686, 693-694 (Miss. 1984); Thames v. State, 454 So.2d 486, 487 (Miss. 1984); Henderson v. State, 445 So.2d 1364, 1367-68 (Miss. 1984).
Harden relies on Maxie v. State, 330 So.2d 277 (Miss. 1976), a pre-rules case decided in an era when indictments were scrutinized more strictly than today. Maxie held defective an indictment purporting to charge attempted rape wherein the only overt act was an attempt to rape "by stalking, chasing and running after" the victim. This language was considered deficient because it was equally descriptive of an attempt to commit murder, assault and battery, robbery or rape. 330 So.2d at 278.
Assuming arguendo that Maxie would be decided under Rule 2.05 as it was in fact decided under our prior law, we nevertheless find the indictment here substantially more specific than that in Maxie.[1] In the case at bar the indictment charges two specific acts: the making of a lewd suggestion by Harden to his victim and the violent making of an attack or assault upon her. The wording of the indictment is fully sufficient, within the standards of Rule 2.05, to notify the Defendant Harden that he has been charged with attempted rape under a combined reading of Sections 97-3-65(2) and 97-1-7.

C.
Harden next charges that the trial court erred in allowing the State to prosecute for an attempt to commit the underlying crime of rape as defined by Section 97-3-65(2) when, in Harden's view, the indictment really charges assault with intent to rape as defined by Miss. Code Ann. § 97-3-71 (1972). The point is difficult to follow, for we find nothing in the record which suggests that the indictment was intended to follow the assault with intent statute, Section § 97-3-71.
To be sure, attempted rape within the combined meaning and contemplation of Sections 97-3-65(2) and 97-1-7, on the one hand, and assault with intent to rape within Section 97-3-71 are similar crimes. The only appreciable substantive difference we detect between the two is that the assault with intent statute, Section 97-3-71, requires that the victim have been "of previous chaste character", while nothing in either Section 97-3-65(2) or 97-1-7 makes a similar requirement in the case of attempted rape.[2] Procedurally, Section 97-3-71 *325 provides for sentencing by the jury upon conviction, whereas Section 97-3-65(2) directs the court to fix the penalty if the jury fails to recommend life imprisonment. Friday v. State, 462 So.2d 336, 339 (Miss. 1985).
Harden earnestly insists that his prosecution was in fact under Section 97-3-71. The advantage he hopes to gain seems twofold: (1) the sentence imposed upon him by the trial judge would be illegal, and (2), since the evidence failed to show "previous chaste character", his conviction is fatally flawed.
Harden's contention fails because the indictment accurately tracks Section 97-3-65(2), as it omits any mention of "previous chaste character" and affirmatively asserts "carnally know" which is language that is not present in Section 97-3-71. Furthermore, at trial Harden specifically requested to be informed of which statute the prosecution was traveling under and was informed that it was Section 97-3-65(2). Harden did not object at that time to being tried under that statute. Harden's complaint on this issue is not only without substantive merit; it has been procedurally waived.

D.
There is no dispute that Harden propositioned Griffin in a lewd manner, exposed himself, seized Griffin and attempted to drag her away with him. The evidence is substantial that Harden's lack of success in his felonious endeavor resulted from Griffin's resistance, not Harden's abandonment. Cf. West v. State, 437 So.2d 1212, 1214 (Miss. 1983).
Harden contends nevertheless that, because Griffin was not injured, nor was her clothing torn, his actions do not amount to attempted rape. Put another way, Harden essentially contends that because he did not actually rape Griffin, he is not guilty of an attempt to rape Griffin. Harden is overly optimistic.
Harden's assignment of error here encompasses two distinct points of law. First, Harden urges that the trial court erred in refusing to direct a verdict of acquittal at the conclusion of all of the evidence in the case. Second, Harden urges that the trial court erred in refusing to grant him a new trial once the verdict of the jury was returned. The first of these propositions goes to the legal sufficiency of the evidence. The second goes to the weight of the evidence.
Neither the trial court nor this Court has the authority to direct a verdict of acquittal short of a conclusion that, given the evidence, taken in the light most favorable to the State and to the verdict subsequently rendered, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. May v. State, 460 So.2d 778, 781 (Miss. 1984); Fairchild v. State, 459 So.2d 793, 798 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). When we apply this standard to the evidence in the record, we may only state that the trial judge correctly denied Harden's motion for a directed verdict as well as his post-trial motion that the trial court hold the evidence *326 insufficient as a matter of law to support the verdict. See Allen v. State, 384 So.2d 605, 606 (Miss. 1980); Hawkins v. State, 222 Miss. 753, 757-758, 77 So.2d 263, 263-64 (1955).
The motion for a new trial is different. That motion invokes no rule of law having reference to the legal sufficiency of the evidence. Rather, it is addressed to the sound discretion of the trial court. May v. State, 460 So.2d 778, 781 (Miss. 1984); Neal v. State, 451 So.2d 743, 760 (Miss. 1984). When he moves for a new trial, a defendant in a criminal case necessarily proceeds under Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice. That rule provides that the trial court may grant the defendant a new trial if the verdict is contrary to the law or the weight of the evidence or if such is required in the interest of justice. May v. State, 460 So.2d 778, 781 (Miss. 1984); Fairchild v. State, 459 So.2d 793, 798-799 (Miss. 1984). Having due regard for the evidence recited above, we hold that the trial judge acted within his discretion when he denied Harden's motion for a new trial. See Allen v. State, 384 So.2d 605, 606 (Miss. 1980).
JUDGMENT OF CONVICTION OF ATTEMPTED RAPE AND SENTENCE OF FOUR (4) YEARS AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Of note are two other pre-rules cases, each of which holds sufficient an attempted rape indictment. Allen v. State, 384 So.2d 605, 606 (Miss. 1980); Hawkins v. State, 222 Miss. 753, 757, 77 So.2d 263, 263-64 (1955). The indictments in these two cases are comparable in specifically to that we hold adequate today.
[2] This case should be distinguished from our recent decision in McBrayer v. State, 467 So.2d 647 (Miss. 1985) (1985). In McBrayer, the conduct of the defendant was arguably proscribed by two separate enactments of our legislature, that regarding statutory rape and that prohibiting child fondling. Proof of the victim's previous chaste character is required in statutory rape cases but not in child fondling cases. In McBrayer we found the defendant's conduct within the core of the legislature's concern when it made statutory rape unlawful, but at most on the periphery of the legislature's focus when it enacted the child fondling statute. Indeed, it seemed rather apparent to the McBrayer majority that the child fondling statute was not designed to regulate or proscribe an ongoing sexually intimate relationship between an adult male and a 13 year old girl who wanted to get married.

The case at bar also yields two statutory schemes  attempted rape and assault with intent to rape  each of which is arguably apt. In the case of attempted rape, the victim need not have been of previous chaste character, while a prosecution for assault with intent to rape may not be maintained where the victim was not of previous chaste character. This case is different from McBrayer in that here the Defendant Harden's conduct was within the core concern of both statutory schemes. Accordingly, the State was free to elect under which it would prosecute, and its decision to proceed against Harden for attempted rape will not be disturbed.