520 So.2d 127 (1988)
George Lee ALEXANDER
v.
STATE of Mississippi.
No. 57416.
Supreme Court of Mississippi.
February 3, 1988.
Rehearing Denied March 9, 1988.
*128 James D. Minor, Minor & Barnes, Oxford, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
PRATHER, Justice, for the court:
George Lee Alexander, the appellant, was convicted of attempted rape and sentenced as an habitual criminal to a term of ten years in the custody of the Mississippi Department of Corrections at Parchman, Mississippi, without reduction or suspension, or eligibility for parole or pardon. Aggrieved by the action below, Mr. Alexander has perfected his appeal to this Court, assigning that the lower court erred:
(1) In failing to sustain appellant's demurrer to the indictment which did not state an overt act toward commission of rape;
(2) In failing to grant a directed verdict, the verdict of the jury being against the overwhelming weight of the evidence; and
(3) In allowing improper closing argument by the district attorney.

STATEMENT OF THE FACTS
On June 26, 1985, Cynthia McChesney was a patient in the Oxford-Lafayette County Hospital. At approximately 3:00 a.m., she awoke when a towel was placed over her face and someone said the words to the effect of, "This is not a doctor; do not scream." As she was having difficulty breathing, McChesney tried to push the towel away, but discontinued her effort when the man threatened to hurt her if she removed it. The man also informed her that the two of them "were going to have sexual intercourse."
Thereafter, McChesney managed to remove the towel and to observe the man through half-shut eyes. The man persisted and tried to pull up her shirt. At that point, McChesney pushed him away and pressed the nurse's button. A few seconds later, McChesney heard a nurse offering assistance. McChesney replied something to the effect of "Help". Thereafter, the man "ran out the door."
At trial, McChesney identified Mr. Alexander as her assailant. McChensey testified *129 that the man several times threatened her with harm if she did not cooperate. She also said she was afraid he would carry out his threat and he would rape her. The defendant was observed by two nurses in the hospital, one of whom positively identified him at trial as the one who exited from McChesney's room. The defendant was taken into custody near the hospital by the description given by the victim. He had a hospital towel around his neck.

PROPOSITION I

DID THE TRIAL COURT ERR IN FAILING TO SUSTAIN APPELLANT'S DEMURRER TO THE INDICTMENT WHICH DID NOT STATE AN OVERT ACT TOWARD THE COMMISSION OF THE CRIME?
In arguing the first proposition, the appellant, George Lee Alexander, (hereinafter Alexander) outlined a pertinent portion of the indictment. The indictment reads as follows:
George Lee Alexander (a male person over the age of 18) late of the county aforesaid, on the 26th day of June in the year of our Lord 1985, in the county aforesaid, did unlawfully and feloniously design, endeavor and attempt to rape and forcibly ravish Cynthia McChesney, a female person over the age of twelve years, by forcibly placing a towel over her face and announcing his intention to have sexual intercourse with her while admonishing her not to scream, but failing in his attempt, ... contrary to the form of the statute in such cases made and provided, against the peace and dignity of the State of Mississippi.
With respect to this indictment, counsel for Mr. Alexander dictated a demurrer into the record. Respectively, the lower court overruled the demurrer. The substance of Alexander's claim was that there was no overt act alleged to show an attempted rape.
In addressing Alexander's claim, this Court turns to the reasoning in Harden v. State, 465 So.2d 321 (Miss. 1985). In Harden, the defendant was charged with attempting to rape his victim. The indictment stated:
... By attacking the said Janice Griffin and by making lewd suggestions to her regarding sexual intercourse with her and further by violently making an assault upon said Janice Griffin ...
Id. at 322-324. Analyzing the issue of the sufficiency of the foregoing indictment under 2.05 of the Mississippi Uniform Criminal Rules of Circuit Court Practice, this Court in Harden held, "The wording of the indictment is fully sufficient ... to notify the defendant ... that he had been charged with attempted rape ..." Id. at 324.
Before applying the reasoning of Harden to the case at bar, this Court wishes to review the precedent set out in Rule 2.05 of Mississippi Uniform Criminal Rules of Circuit Court Practice. This rule states:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting offense charges and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
Following the criteria of this rule, this Court in Harden writes, "If an indictment reasonably provides the accused this actual notice and includes the seven specific items enumerated in the rule, is sufficient." Harden, 465 So.2d at 324.
With this reasoning in mind, this Court urges that Harden is factually indistinguishable from the case at bar. The present enactment, similar to the one in Harden, charges a lewd suggestion combined with a physical act, the placing of a towel over the victim's face. Therein, this Court believes that the overt act was suitable for the ultimate commission of a rape.
This Court concludes that the wording of the present indictment is sufficient to notify Alexander that he had been charged with attempted rape. There was no error in the trial court's ruling on the indictment.

*130 PROPOSITION 2

DID THE TRIAL COURT ERR IN FAILING TO GRANT A DIRECTED VERDICT?
Defense counsel points out that his "second assignment of error is largely a continuation of the first." Therein, counsel cautions that the evidence at trial did not indicate any attempt of Alexander to obtain penetration of the victim.
In line with this assertion, counsel for Alexander asserts, "The only act arguably extending toward forced sexual intercourse was the attempt to raise a t-shirt which covered another garment underneath." Thereto, counsel also asserts that Alexander obviously abandoned any attempt to rape McChesney.
In reviewing Alexander's argument, the Court reduces the appellant's argument to two elements: (1) no forcible acts were committed against the victim and (2) that any attempt was abandoned.
With these elements in mind, the Court believes that Harden v. State is controlling case law on these points. In Harden, this Court explains:
Central to this case is the matter of how much of an overt act must be committed before one is guilty under the laws of this state of the crime of attempted rape. We hold that a lewd suggestion to the victim coupled with the defendant's physical grabbing his victim and attempting to carry her away only to have her break free are under the facts of this case sufficient. Id. at 322.
The Court holds that appellant's no forcible acts argument is disputed first by the record. More specifically, the record indicates that Alexander placed a towel over the victim's face, applied pressure sufficient to make her uncomfortable, and tried to pull her shirt up.
The Court finds that the following language from Harden is dispositive:
Harden contends nevertheless that, because Griffin was not injured, nor was her clothing torn, his actions do not amount to attempted rape. Put another way, Harden essentially contends that because he did not actually rape Griffin, he is not guilty of an attempt to rape Griffin. Harden is overly optimistic. Harden, 465 So.2d at 325.
The second element, the abandonment argument, centers on Alexander's voluntarily fleeing the room. This Court finds that this argument is meritless. The victim's testimony shows that the appellant ceased his actions only after the victim managed to press the buzzer alerting the nurse.
Therein, this Court stresses the fact that the evidence supports the conclusion that appellant's failure to rape the victim was due to her resistance and ability to sound the alarm, rather to any abandonment on appellant's part.

PROPOSITION 3

DID THE TRIAL COURT ERR IN ALLOWING IMPROPER CLOSING ARGUMENT BY THE DISTRICT ATTORNEY?
Counsel for Mr. Alexander divides this proposition into three distinct areas:
(1) Comment on failure to testify;
(2) Requesting female jurors to place themselves in the victim's position;
(3) Argument regarding facts not in evidence.
In answer to the first argument, comment on failure to testify, this Court acknowledges the fact that the prosecution is not permitted to comment on the fact that an accused has exercised his "constitutional right not to take the witness stand." See West v. State, 485 So.2d 681 (Miss. 1985). However, the Court contends that the prosecution did not violate this rule.
From the record, it is obvious that the prosecutor was simply summing up the defendant's statements.
The second area of which Alexander complains is the district attorney's candor in asking female jurors to forget their oaths and apply a golden rule type analysis. Therein, Alexander correctly points out the well settled rule concerning this type of golden rule type analysis. See *131 Holifield v. State, 275 So.2d 851 (Miss. 1973).
In answer to this accusation, this Court points to the procedure followed by the judge below. The Court sustained defense counsel's objection and admonished the jury to disregard the remark. Therein, the trial court's action averted any possible prejudice. See Johnson v. State, 477 So.2d 196 (Miss. 1985).
The last area that Alexander addresses is the State's comment, "Thank God we didn't have a murder." With this statement in mind, counsel for Alexander asserts that the district attorney injected other possible crimes into the argument.
To answer this argument, this Court relies upon the reasoning in McFee v. State, 511 So.2d 130 (Miss. 1987). Therein the circuit judge is in the best position for determining the prejudicial effect of an objectionable argument. The lower court judge obviously felt that these statements were harmless at most.
Reviewing arguments from both sides, this Court holds that no reversible error occurred in this trial and affirms the conviction and sentence.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.