Justice Banks in his majority opinion attempts to return this Court to a standard that since 1979 has been modified. Prior to the enactment of the Uniform Rules of Circuit Court, this Court did hold that an indictment must contain the elements of the crime. We held indictments to a strict standard of review. The statement that "[i]t is a well-established principle of law that in order for an indictment to be sufficient, it must contain the essential elements of the crime charged" strays from this Court's holdings since 1979. Except for one, all the cases Justice Banks cites to uphold this bold statement are dated prior to 1979. He specifically cites to Love v. State for the proposition that "[e]very material fact and essential ingredient of the offense — every essential element of the offense — must be alleged with precision and certainty," Love v. State, 211 Miss. 606, 611,52 So.2d 470, 472 (Miss. 1951), and states that we have not strayed from these requirements. This statement ignores the most recent holdings of this Court.
In Harden v. State, we examined the sufficiency of an indictment. 465 So.2d 321 (Miss. 1985). In doing so we noted that Harden was relying upon "a pre-rules case decided in an era when indictments were scrutinized more strictly than today." Id. at 324. This is a direct statement that the pre-rules cases are stricter than the standard we have now adopted under the Uniform Rules of Circuit Court. We held in Harden that:
 [s]ince the adoption in 1979 of the Mississippi Uniform Criminal Rules of Circuit Court Practice, all questions regarding the sufficiency of indictments have been determinable by reference to Rule 2.05 thereof. This rule articulates seven elements that shall be included in any indictment (and with respect to which there is here no issue) and then directs that
 the indictment upon which the defendant is to be tried shall be a plain, concise *Page 661 
and definite written statement of the essential facts constituting offense charges and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
 Rule 2.05 requires notification in fact of the nature of the charge against the defendant and out of what transaction or occurrence it has arisen. If an indictment reasonably provides the accused this actual notice and includes the seven specific items enumerated in the rule, it is sufficient.
Harden, 465 So.2d at 324 (emphasis in original). The Court notes that Rule 2.05 is controlling and actual notice of the crime is all that is required. The indictment need not state formal or technical words that were once required in indictments. In Henderson v. State, 445 So.2d 1364 (Miss. 1984), the Court stated that "[s]o long as from a fair reading of the indictment taken as a whole the nature and cause of the charge against the accused are clear, the indictment is legally sufficient."Henderson, 445 So.2d at 1368.
The lower court held that the indictment in the present case was sufficient based upon our ruling in Hines v. State,472 So.2d 386 (Miss. 1985). In Hines the defendant argued that the indictment was too general to give him fair notice of the crime with which he was charged. This case is analogous and directly on point with the case at bar. Hines' main complaint was that the indictment lacked a bill of particulars and thus, would threaten his double jeopardy right. We held that this argument was without merit. We held that "it would seem apparent that the broader the charging language of the indictment, the broader the double jeopardy protections afforded." 472 So.2d at 390. Therefore, in regard to double jeopardy, the indictment was more than sufficient.
The Court then said:
 In the final analysis, our inquiry is whether the indictment contains
 a plain, concise and definite written statement of the essential facts constituting the offense charged and . . . fully (notifies) the defendant of the nature and cause of the accusation against him.
Rule 2.05, Unif.Crim.R.Cir.Ct.Prac.
We hold that an indictment which charges sexual penetration of an identified victim on a specified date in a specified geographical location, including the charge that the acts were committed "unlawfully, wilfully and feloniously" and a typed label at the top reading "SEXUAL BATTERY MCA 97-3-95(a)" charges the accused with the criminal offense of sexual battery with such force that his demurrer will be unavailing. See Harden v.State, 465 So.2d 321, 324 (Miss. 1985); Jones v. State,461 So.2d 686, 693-94 (Miss. 1984); Thames v. State, 454 So.2d 486, 487 (Miss. 1984); Henderson v. State, 445 So.2d 1364, 1367-68 (Miss. 1984). The assignment of error is denied.
Hines, 472 So.2d at 390. It is true that the indictment inHines contained the words "without consent." However, the majority fails to notice that in determining what kind of indictment is sufficient to give notice to the defendant of the charges against him, the Court's entire analysis was the portion quoted above. The court did not require a specific list of elements for the charge of sexual battery. The Court did not say that because all the elements were present, including "without consent," that the indictment was sufficient. It said that as long as:
 an indictment which charges sexual penetration of an identified victim on a specified date in a specified geographical location, including the charge that the acts were committed "unlawfully, wilfully and feloniously" and a typed label at the top reading "SEXUAL BATTERY MCA 97-3-95(a)" charges the accused with the criminal offense of sexual battery with such force that his demurrer will be unavailing.
Hines, 472 So.2d at 390. We did not hold that every essential element had to be specifically included. The indictment in the case at bar included all the requirements cited above.
We have held consistently since the adoption of the rules that the only requirement of the indictment is that it provide notice to the defendant and include the seven enumerated *Page 662 
items in Rule 2.05 of the Uniform Rules of Circuit Court. The majority would return the Court to the strict standard of the pre-rules cases without overruling those cases.
In Jones v. State, 461 So.2d 686 (Miss. 1984), this Court stated:
 Our Uniform Criminal Rules of Circuit Court Practice were formally adopted August 15, 1979. The rules were in effect at the time of the return and filing of the original indictment in this cause on February 20, 1981. The sufficiency under Mississippi law of the form of that indictment, accordingly, is determined according to Rule 2.05.
 Jones' reliance upon Section 99-17-20, an enactment of the Legislature of the State of Mississippi, is ultimately without merit for reasons we trust are obvious and accepted at this point in time. The form of an indictment being a matter purely procedural, it is this Court's prerogative and responsibility to adopt rules regulating the same. Rule 2.05 provides for a full and fair protection of the rights of accused. The rules fully regard the due process rights of the accused to reasonable advance notice of the charges against him.
Jones, 461 So.2d at 694 (emphasis added). This case was a capital murder case that misstated the statute in the indictment. However, the indictment was still held to be valid. This case shows that it is the rules that determine the sufficiency of an indictment.
In Roberson v. State, 595 So.2d 1310 (Miss. 1992), we held that:
 Rule 2.05 of the Unif.Crim.R.Cir.Ct. Prac. has as its object to provide the defendant with notification in fact of the nature of the charge against him and out of what transaction or occurrence it arose. If it reasonably provides the accused with actual notice and includes the seven enumerated items then the indictment is sufficient. Armstead v. State, 503 So.2d 281, 283 (Miss. 1987).
Roberson, 595 So.2d at 1318. The Armstead case cited above is similar to the one at bar. It is a rape case where the indictment did not include the term "intent," however, it did charge the appellant with "wilfully and feloniously" attempting rape.Armstead, 503 So.2d at 283. The Court held that "the indictment was sufficient to fully notify the defendant of the nature and cause of the accusation against him." Id. Is there any doubt in the case sub judice that the defendant understood what he was charged with and what he was expected to defend? This Court should realistically deal with real problems, not create technical questions to peruse. We should note the obvious and not play "I gotcha games" with the trial court.
The bottom line is that we refer to Rule 2.05 to determine whether the indictment is sufficient to give notice. In Hollomanv. State, 656 So.2d 1134 (Miss. 1995), this Court again reaffirmed that as long as the indictment meets the requirements of Rule 2.05 (notice and the seven elements), then the indictment is sufficient.
For the foregoing reasons, I must respectfully dissent. I am of the opinion that the indictment was sufficient to give the defendant notice as required by this Court.
JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., join this opinion.