THOMPSON, STATE AUDITOR, ET AL., *v.* KRUTZER.

[60 South. 334.]

1. TAXATION. *Enjoining collection of taxes. Jurisdiction. Levy. Attempt. Code 1906, section 533. Laws 1912, chapter 112. Chancery court.*

Under Code 1906, section 533, providing that "the chancery court shall have jurisdiction of suits by one or more taxpayers, in any county, city, town or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law," the power of the court to restrain the collection of taxes can be exercised in two instances only; first, when they have been levied without authority of law; and second, when they are attempted to be collected without authority of law.

2. SAME.

Under the statute the word "levied" imports that all things have been done which are necessary in order to authorize the tax collector to proceed to collect the taxes. The person to be restrained is the tax collector, and until he has been authorized to proceed to collect the taxes, or is attempting to collect them without authority, no occasion to restrain him could arise.

3. LAWS 1912, CHAPTER 112.  *Assessment.  Collection.  Levy.*

Under the provisions of Laws 1912, chapter 112, imposing an annual privilege tax, the duties of the auditor are those of. a tax assessor and the treasurer is the tax collector.  Before the treasurer is authorized to proceed to collect, the auditor must have made the assessment and delivered to him the draft for the amount of taxes due by each person, which draft constitutes his warrant for making the collection.  Until this is done a bill in chancery to restrain the collection of the tax is premature.

4. LICENSES.  *Enjoining collection of taxes.  Code 1906, section 533. Attempt.  Laws 1912, chapter 112.*

Under the power conferred on the chancery court by. Code 1906, section 533, authorizing it to restrain the collection of taxes, "attempted to be collected" without. authority of law, the court has no right to restrain the collection of the privilege tax imposed by Laws 1912, chapter 112, on the ground of the illegality of the tax, where the auditor has not made an assessment or the treasurer taken any steps to collect the same; the word "attempt" in the statute meaning an intent to do a thing, combined with an act which falls short of the thing intended.

5. TAXATION.  *Enjoining collection of taxes.*

The tax imposed by Laws 1912, chapter 112, does not become a lien upon any land belonging to a person liable therefor until it has been seized by the tax collector preliminary to a sale thereof for the payment of the tax, and the chancery court cannot restrain officers from proceeding to make an assessment of such tax on the ground that it will create a cloud upon title.

APPEAL from the chancery court of Hinds county.

HON. G. G. LYELL, chancellor.

Suit by A. L. Kreutzer and others against D. L. Thompson, state auditor and others, treasurer of the state, to enjoin the collection of a privilege tax.  From a decree overruling a demurrer to the bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*Ross Collins*, Attorney-general, and *Frank Johnson*, assistant attorney-general, for state.

*Green & Green*, attorneys, for appellees.

No brief of counsel on either side found in the record.

Argued orally by *Ross A. Collins*, attorney-general, and *Frank Johnston*, assistant attorney-general, for appellants and *Marcellus Green*, for appellees.

SMITH, C. J., delivered the opinion of the court.

Appellees seek to enjoin the collection of a privilege tax imposed by chapter 112 of the Laws of 1912. The chancellor having overruled a demurrer to the bill, the case comes to us on an appeal to settle the principles thereof. The statute is alleged to be void and otherwise unenforceable for a number of reasons not necessary to be set out in detail. One of the questions presented to us for determination, and which, if decided in favor of appellant, will render it improper for us to express an opinion upon the other matters involved, is whether or not the court below had jurisdiction to try the cause. Since the injunction sought is for the purpose only of staying the collection of an alleged illegal tax, the jurisdiction of the court below is measured by section 533 of the Code of 1906, which is as follows: "The chancery court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law." It will be observed that this section confers upon the court power to restrain the collection of taxes in two instances only: First, when they have been levied without authority of law; and, second, when they are attempted to be collected without authority of law.

The word "levy" "is a term frequently used in more than one sense; its meaning in a particular instance being determined by a resort to the context, and bearing different significations according to its object." 25 Cyc. 206. With reference to taxation, "it is used indiscriminately to denote the legislative function of charging the collective

body of taxpayers with the sums to be raised, and the ministerial function of extending the taxes against the individual taxpayers." 27 Am. & Eng. Ency. Law (2 Ed.), 729. In *Moore* v. *Foote*, 32 Miss. 469, it was held that "the term 'levy,' when applied to the action of the board of police in relation to the county taxes, imports not only the ascertainment of the amount necessary to be raised for the county taxes, but also the performance of all such acts by the board of police, as would authorize the tax collector to proceed to collect them."

In the statute now under consideration, the word "levied" also imports that all things have been done which are necessary in order to authorize the tax collector to proceed to collect the taxes. The person to be restrained is the tax collector, and until he has been authorized to proceed to collect the taxes, or is attempting to collect them without authority, no occasion for restraining him could arise. An examination of the cases cited by counsel for appellee heretofore decided by this court, wherein the sole question involved was the right of the tax collector to collect an illegal tax, will disclose that in each of them everything had been done which was necessary to authorize the tax collector to proceed to collect the tax.

Under the provisions of the statute by which the tax, the collection of which is here sought to be enjoined, is imposed, the duties of the auditor are those of a tax assessor, and the treasurer is the tax collector. Before the treasurer is authorized to proceed to collect, the auditor must have made the assessment and delivered to him the drafts for the amount of taxes due by each person, which drafts constitute his warrant for making the collection. This assessment by the auditor is the final step in the scheme of taxation contemplated by the statute, and is the one which fixes a definite and enforceable liability upon the persons liable for the payment of the tax. The bill does not allege that this assessment has been made. In fact, it was filed shortly after the passage

of the statute imposing the tax, and more than seven months before the auditor could proceed under it to make the assessment, and therefore could not present a case where a tax had been "levied . . . without authority of law."

The word "attempt" means an intent to do a thing, combined with an act which falls short of the thing intended. In order to attempt to collect taxes, the intent of the tax collector to collect must be combined with an act which falls short of the collection thereof. While the bill avers an intention on the part of the auditor and treasurer to collect this tax, it fails to aver the doing of any act whatever in furtherance of this intention.

But it is said that the tax when assessed will constitute a lien upon the land of appellees, and therefore a cloud upon their title, and for that reason they are entitled to an injunction restraining the auditor and treasurer from proceeding to enforce the statute. A sufficient answer to this contention is that the tax does not become a lien upon any land belonging to a person liable therefor until it has been seized by the tax collector preliminary to a sale thereof for the payment of the tax.

The allegations of the bill failing to bring the case within either of the two instances in which the court below is authorized to restrain the collection of an unlawful tax, it was without jurisdiction to try the cause.

*Reversed, and bill dismissed.*