396 So.2d 35 (1981)
Everette G. LEWIS, et al.,
v.
MASS APPRAISAL SERVICES, INC. (Formerly Hunnicutt & Associates, Inc.) et al.
No. 52426.
Supreme Court of Mississippi.
April 1, 1981.
Rufus Creekmore, W.E. Gore, Jr., Robert G. Nichols, Jr., Jackson, for appellants.
Betty A. Morgan, Robert H. Weaver, Watkins, Pyle, Ludlam & Stennis, Paul H. Stephenson, III, W.F. Goodman, Jr., Watkins & Eager, Alex A. Alston, Jr., Marita Pace, Thomas, Price, Alston, Jones & Davis, Jerome B. Steen, Steen, Reynolds, Dalehite & Currie, Jackson, Lucien C. Gwin, Jr., Handy, Fitzpatrick, Gwin, Blough & Lewis, Natchez, for appellees.
*36 Before PATTERSON, C.J., and SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
Everette G. Lewis, Joe M. Kirton, Jr., and Mary Wade, as individual taxpayers similarly situated, brought suit in the Chancery Court of the First Judicial District of Hinds County seeking damages and/or an injunction against the Board of Supervisors of Hinds County and their sureties; Mass Appraisal Services, Inc.; Data-Aid, Inc.; L. Robert Kimball, d/b/a/ L. Robert Kimball and Associates; and the County Tax Assessor, David Warrington. The lower court sustained the general and special demurrers of appellees and dismissed the cause with prejudice. Appellants appeal, contending the court erred in sustaining the demurrers, and in dismissing the bill of complaint with prejudice.
The subject of this controversy is a contract entered into by the Board with Mass Appraisal, Data-Aid and Robert Kimball (assignee of the Mass Appraisal contract) for appraisal services for the assessment of ad valorem taxes.
Appellants allege the Board did not comply with statutory requirements in the letting of the appraisal contracts under MCA § 27-35-101 (Supp. 1980).
More specifically they allege the following facts in their complaint. The Board adopted a resolution at its October 1977 term to advertise for bids for reappraisal services. The contract specifications were filed in the Chancery Clerk's office in Hinds County. Notice of acceptance of bids was published in the Jackson Daily News on October 7, 14, and 21, 1977. This notice stated that sealed bids would be received up until 10:00 a.m., November 4, 1977, for a contract to appraise and valuate property in Hinds County in accordance with specifications on file with the Chancery Clerk's office.
Four bids were received; and Mass Appraisal's bid in the amount of $451,100.00 was accepted on November 7, 1977, as the lowest and best bid. Thereafter, on December 15, 1977, the Board's president was authorized to execute on behalf of Hinds County a contract with Data-Aid to perform data processing services in connection with the initial contract with Mass Appraisal. The amount of this contract was $40,000.00 which appellants assert as void because no notice of bids was published nor specifications filed for the second contract. Appellants further contend the county suffered actual loss of $40,000.00.
At the Board's September 1978 term, the Mass appraisal contract was assigned to Kimball. Subsequently, the Board adopted a resolution to modify the contract at Mass Appraisal's request, so the completion date was extended from April 1, 1979 to August 14, 1979; and for each day's delay after August 15, a penalty of $500.00 would be imposed and for each progress payment for work completed, a 20% retainage.
Concerning the letting of the appraisal contracts, the appellants allege the following:
Complainants bring this action in their own behalf, as individuals, and as taxpayers suing to enjoin the collection of taxes levied, or attempted to be collected, without authority of law; and also as taxpayers, suing for the use and benefit of Hinds County ... to recover appropriations made by the Board of Supervisors of Hinds County ... for objects not authorized by law and for payments made from public funds on contracts made contrary to and without complying with, the laws of the State of Mississippi; and as such taxpayers, they invite all other taxpayers similarly situated to join in this suit.
We are of the opinion the chancellor correctly sustained the general demurrers; and since this is so, it is not necessary to reach the points of law raised by the special demurrers. Alexander v. Mayor and Board of Aldermen of City of Natchez, 219 Miss. 78, 68 So.2d 434 (1953).
In this state the right of a taxpayer to bring suit on behalf of the county or public is statutory only. Mississippi Road *37 Supply Co., et al. v. Hester, 185 Miss. 839, 188 So. 281 (1939).
Pursuant to the provisions of MCA § 19-13-37 (Supp. 1980) a taxpayer may bring a suit to recover appropriations made by the board of supervisors for an object not authorized by law. This statute states:
§ 19-13-37. Supervisors and other officials liable for illegal allowance; disposition of recovered funds.
(1) If a board of supervisors shall appropriate any money to an object not authorized by law, the members of the board who did not vote against the appropriation shall be liable personally for such sum of money, to be recovered by suit in the name of the county, or in the name of any person who is a taxpayer suing for the use of the county, and such taxpayer shall be liable for costs in such case.

The individual members of all boards of supervisors, boards of trustees and directors of public water supply districts and all other special service districts, created and existing under the laws of the State of Mississippi, causing any public funds to be expended, any contract made or let, any payment made on any contract or any purchase made, or any payment made, in any manner whatsoever, contrary to or without complying with any statute of the State of Mississippi, regulating or prescribing the manner in which such contracts shall be let, payment on any contract made, purchase made, or any other payment or expenditure made, shall be liable, individually, and upon their official bond, for compensatory damages, in such sum up to the full amount of such contract, purchase, expenditure or payment, as will fully and completely compensate and repay such public funds for any actual loss caused by such unlawful expenditure.

(2) In addition to the foregoing provision, for any violation of any statute of the State of Mississippi prescribing the manner in which contracts shall be let, purchases made, expenditure or payment made, any public official who shall substantially depart from the statutory method of letting contracts, making payments thereon, making purchases or expending public funds shall be liable, individually and on his official bond for penal damages in such amount as may be assessed by any court of competent jurisdiction, up to the sum of five thousand dollars ($5,000.00).
(3) Any sum recovered under the provisions hereof shall be credited to the account from which such unlawful expenditure was made. (Emphasis supplied).
Before a taxpayer has standing to sue a public official under § 19-13-37, three prerequisites are required as we stated in Saxon v. Harvey, 190 So.2d 901, 904 (Miss. 1966):
1. The suit must attack an appropriation to an object not authorized by law.
2. The suit must be brought on behalf of the public and the public must be invited to join therein.
3. The public official whose duty it is to bring suit must be presented with facts sufficient to convince the legal mind that the suit should be brought.
We are of the opinion appellants do not meet the first prerequisite because the Board of Supervisors appropriated funds for the appraisal of property for the purpose of assessing ad valorem taxes which they are authorized by law to do. § 27-35-101, supra.
This Court has construed the term "object not authorized by law" to mean "a diversion of money from its legitimate objects, and not for appropriation to a proper object, although in an irregular or unauthorized manner, that liability is imposed on members personally. It is what the money is appropriated to, and not how it is applied, that furnishes the test for liability for it." State Ex Rel. Summer v. Denton, 382 So.2d 461 (Miss. 1980), citing with approval Paxton v. Baum, 59 Miss. 531 (1882).
Application of this definition forces the conclusion the taxpayers could not bring suit against the Board for contracting for appraisal services, even though it digressed in minor detail from statutory directions in letting the contracts, because the Board is *38 authorized by law to contract for survey and appraisal services.
Secondly, although the appellants sued on behalf of the public and invited the public to join, this, without more, is not sufficient to confer standing to sue under § 19-13-37, supra.
In reviewing the bill of complaint, we find no allegation that appellants first presented to the appropriate public officials sufficient facts to convince the legal mind a suit should be brought. Even though irregularities may have existed in the letting of the appraisal contracts, "such questions may be safely left to the discretion of officers elected by the public to challenge such irregularities, instead of being undertaken by the taxpayer, possibly of a litigious spirit, challenging whatever [does] not suit his personal views." Hester, 185 Miss. at 859, 188 So. at 287.
Concerning the amendment to § 19-13-37, supra, which provides for penal damages against the Board in the event there is a substantial departure from the statutory methods of letting contracts, making payments, making purchases, or expending public funds, we are of the opinion the taxpayer-complainants' failure to comply with the third prerequisite set forth in Saxon, supra, precludes their right to bring suit for penal damages. They do not allege that a public official was presented with facts sufficient to convince the legal mind that the suit should be brought. But in any event, we are of the opinion the Board did not substantially depart from the statutory methods so as to make them liable for penal damages.
Appellants also attempt to obtain injunctive relief pursuant to MCA § 11-13-11 (1972) which provides "The Chancery Court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain collection of any taxes levied or attempted to be collected without authority of law." We are of the opinion the taxpayers had no standing to seek injunctive relief because they did not allege an inadequate remedy at law; and moreover, equity cannot enjoin an assessment or appraisal of taxes.
Appellants primarily rely on Fondren v. State Tax Commission, 350 So.2d 1329 (Miss. 1977) to support their standing to enjoin the appellees. There the court held a taxpayer to have no adequate remedy at law and thus could invoke equity jurisdiction to restrain the State Tax Commission from approving each county's recapitulation of its assessment rolls unless and until the Tax Commission complied with its constitutional duty to equalize assessments. Here, no constitutional violation is in question, for the Board is undoubtedly authorized by law to contract for appraisal services and to use this appraisal data in assessing taxes.
Moreover, the taxpayer-complainants fail to allege, other than conclusions, that irreparable injury will befall them by the performance of the appraisal contract or the use of the appraisal data. Perhaps the taxpayers may be aggrieved in the future if their taxes are disproportionately high, but this is insufficient to invoke equity jurisdiction because "[c]ourts of equity do not interfere to accommodate mere apprehensions of injury." Griffith, Mississippi Chancery Practice § 436 (2d Ed. 1950). Also, "equity will not undertake to furnish a remedy when the only remedy it could furnish would itself be a subordinate or inadequate one. As for instance, since Chancery has no machinery to make an assessment of taxes it will not enjoin an assessment. It is only when the assessment has been fully made and taxes levied by the proper tribunals that an injunction will issue, and an injunction previously thereto is premature." Griffith, supra at § 441; See also Thompson v. Kreutzer, 103 Miss. 388, 60 So. 334 (Miss. 1913); Yazoo & M.V.R. Co. v. Adams, 73 Miss. 648, 19 So. 91 (1895).
The taxpayers have a complete and adequate remedy at law through MCA § 27-35-119 (1972). It provides:
Any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have the right of appeal to the circuit court in the manner provided by law, within ten days *39 after the adjournment of the meeting of the board of supervisors, at which the approval of the roll by the state tax commission is entered.
Since these taxpayer-complainants do not have standing to sue, have an adequate remedy at law, and their suit for injunctive relief is not ripe because no attempt to levy taxes had occurred at the time this suit was brought, we affirm the chancellor's decision sustaining the general demurrers and dismissing the suit with prejudice.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.