660 So.2d 220 (1995)
Len HENDERSON
v.
STATE of Mississippi.
No. 92-KA-00121-SCT.
Supreme Court of Mississippi.
August 17, 1995.
*221 Stella L. Terrell, Yazoo City, for appellant.
Michael C. Moore, Attorney General, Pat S. Flynn, Ass't Attorney General, Jackson, for appellee.
En Banc.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION AND PROCEDURAL HISTORY
This appeal arises from Len Henderson's conviction, in the Circuit Court of Humphreys County, on a charge of attempted capital rape. The grand jury originally indicted Henderson on two counts of capital rape and one count of attempted capital rape. At trial, after the State rested, the trial court dismissed one charge of capital rape. The jury subsequently acquitted Henderson of one charge of capital rape and convicted him on the remaining attempted capital rape charge. From this conviction, Henderson now appeals to this Court seeking review of the following issues:
A. Whether the trial court erred in instructing the jury on the elements of attempted capital rape;
B. Whether the trial court erred in failing to grant a directed verdict, peremptory instruction, or JNOV;
C. Whether the trial court erred by failing to grant a mistrial;
D. Whether the trial court erred by failing to grant a cautionary instruction;
E. Whether the trial court erred by admitting a note written by Appellant's brother; and
F. Whether the trial court erred by allowing testimony from Appellant's brother regarding his statement to the Sheriff's Department.
The trial court's failure to properly instruct the jury on the elements of attempted capital rape requires reversal and remand. Finding no other error, this Court does not address the remaining issues in this opinion.

II. THE LAW

A. Whether the trial court erred in instructing the jury on the elements of attempted capital rape.

1. The Parties' Contentions
Henderson claims that the trial court did not instruct the jury regarding the necessary elements of the offense of attempted capital rape. The State responds that the instructions granted gave sufficient legal instruction on the elements of attempted capital rape.

*222 2. Additional Relevant Facts and Discussion

Regarding the attempted capital rape charge, the trial court gave the following jury instruction:
As to the charge of attempted capital rape, if you believe from the evidence in this case beyond a reasonable doubt that LEN HENDERSON was over the age of eighteen years and attempted to insert his penis in the vagina of LAURA MAY[1], a female child under the age of fourteen years, then it is your sworn duty to return a verdict of guilty as to Count III of the indictment.
Instruction S-1. Henderson lodged a timely objection to this instruction on the ground that it does not provide the elements of attempted rape. He is correct.
The elements required to prove attempted capital rape are: a design and endeavor to rape one less than fourteen years old by one at least eighteen years old, an overt act toward the commission of rape, and failure to complete the rape or prevention of completion. See Harden v. State, 465 So.2d 321, 323 (Miss. 1983) (citing West v. State, 437 So.2d 1212, 1214 (Miss. 1983) and Miss. Code Ann. § 97-1-7 (1972)).
Instruction S-1 does not mention failure or prevention of completion. The State argues that the jury "obviously ... found from the evidence that [Henderson] failed in his attempt to penetrate Laura," therefore there is no error. However, the jury could have believed that the rape was not completed because Henderson abandoned his attempt, rather than believing Laura's testimony that she slid from beneath Henderson each time he climbed on top of her. A jury finding of abandonment would have precluded a conviction if the trial court had given a proper instruction. In Ross v. State, 601 So.2d 872, 874 (Miss. 1992), this Court held:
The crime of attempt to commit an offense occurs when a person
shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same... .
Miss Code Ann. § 97-1-7 (1974). Put otherwise, attempt consists of "1) an intent to commit a particular crime; 2) a direct ineffectual act done toward its commission, and 3) failure to consummate its commission." Pruitt v. State, 528 So.2d 828, 830 (Miss. 1988) (attempted rape was voluntarily abandoned by defendant when he told victim she was free to leave); accord Edwards v. State, 500 So.2d 967, 969 (Miss. 1986); Bucklew v. State, 206 So.2d 200, 202 (Miss. 1968).
Id. at 874.
"It is axiomatic that a jury's verdict may not stand upon uncontradicted fact alone. The fact must be found via jury instructions correctly identifying the elements of the offense under the proper standards." Turner v. State, 573 So.2d 1340, 1343 (Miss. 1990). "Where the jury had incorrect or incomplete instructions regarding the law, our review task is nigh unto impossible and reversal is generally required." Neal v. State, 451 So.2d 743, 757 n. 9 (Miss. 1984), cert. denied, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1989).
The jury could have concluded from the evidence presented that: Henderson could have overpowered the child, had he so intended, given his physical superiority; or the Mays fabricated the allegations against Henderson in retaliation for his ending his relationship with the child's mother, as the record indicates; or Henderson offered the child money in exchange for sex, but did not force the issue after she declined. The State provided the jury with sufficient evidence to find Henderson guilty of attempted capital rape. However, the lack of any instruction setting forth all elements of attempted capital rape requires this Court to reverse and remand.
This Court has held that the jury instructions, taken as a whole, are to be considered together when deciding the sufficiency of the court's instructions on the law. As long as any one instruction set forth the necessary elements of an attempted capital rape according *223 to the statute, this Court could affirm on this assignment. However, no instruction set forth the three elements stated in the statute of (1) a design or endeavor to commit an offense, (2) an overt act toward commission thereof, and (3) a failure to consummate the act. Neither the trial court's instruction S-1 nor the defense instruction D-12, which is a burden of proof instruction, meet this statutory requirement.

III. CONCLUSION
The trial court erred in failing to instruct the jury on the elements of attempted capital rape. The only instruction attempting to set forth these elements, which the trial judge found sufficient, does not mention failure or prevention of completion. The jury may have found abandonment by Henderson, yet they would still have convicted Henderson based on the incomplete instruction. Although the State provided the jury with sufficient evidence to find Henderson guilty of attempted capital rape, the lack of any instruction setting forth all elements of the crime requires that this Court reverse and remand.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ., concur.
SMITH, J., dissents with separate written opinion joined by BANKS and JAMES L. ROBERTS, Jr., JJ.
PITTMAN, J., not participating.
SMITH, Justice, dissenting:
This case had its origin in a multi-count indictment charging Len Henderson, age twenty-three, with two counts of capital rape and one count of attempted capital rape of nine year old Laura May. The trial court dismissed one of the counts of capital rape at the conclusion of the State's case in chief. The jury found Henderson not guilty of the remaining capital rape charge and guilty of the attempted capital rape.
The majority writes that the jury was not properly instructed regarding the elements of attempted rape as the instructions fail to mention the necessity of an overt act and failure or prevention of completion. The majority questions whether the jury found that Henderson performed an overt act toward the commission of rape. Majority at 222. Then, the majority proclaims that the jury could have believed that the rape was not completed because Henderson abandoned his attempt. Majority at 222.
Instruction S-1 states that Henderson, over the age of eighteen years, attempted to insert his penis into the vagina of Laura May, a female child under the age of fourteen years. However, in addition thereto, Instruction D-12 stated:
The Court instructs the jury that if you find that the State has failed to prove beyond a reasonable doubt that Len Henderson actually penetrated the private parts of Laura May or attempted penetration of her private parts, then it is your sworn duty to find Len Henderson, Not guilty.
Did the State prove an overt act by Henderson? The testimony of Laura established that Henderson offered her $10.00 to allow him to lay on top of her, but that even when he gave her some change, she refused his request and returned the change to him. Laura testified that Henderson picked her up and carried her to another room, pulled down her pants, tried to get on top of her, tried to hunch her, tried to put his "privacy up in mine" and that he did insert it "a little." Subsequently, Laura claimed that Henderson followed her into the bedroom, tried to get on top of her and had his hand over her mouth. She stated, "[A]nd then he had put me back on the bed and tried to do it again but I kept sliding from under him." Laura testified that she told her brother Eric to write down what Henderson had done on a note that she subsequently gave to her mother. Laura also told Eric to go get their aunt.
Laura's younger brother, Eric testified that he was awakened and observed that Henderson "put his hand over her mouth and pulled her pants down and was hunching on her." Eric testified, "I got up and Len kept telling [me] to go back to bed, but I did not." Eric confirmed the writing of the note to their mother as explained and directed by *224 Laura. He also agreed that he was able to summon their aunt to the scene. Henderson left as the aunt arrived.
The State's proof adequately covered the three required elements and was sufficient to establish the offense of Attempted Capital Rape beyond any reasonable doubt. The overt act by Henderson of attempting to insert his penis in the vagina of Laura May was alleged in the indictment and clearly established by the proof.
Attempt is defined in Black's Law Dictionary, Revised Fourth Edition as: "An effort or endeavor to accomplish a crime, amounting to more than mere preparation or planning for it, which, if not prevented, would have resulted in the full consummation of the act attempted, but which, in fact, does not bring to pass the party's ultimate design." Id. at 162.
Neither S-1, nor any other instruction included language that Henderson failed or was prevented from completing his attempted rape. Obviously, the jury found that he failed or was prevented by Laura's actions because the jury acquitted Henderson of the capital rape and consistent with Instructions S-1 and D-12, found Henderson guilty of attempted rape. It goes without saying that the very word "attempted" implies failure or prevention of completion of an act.
Regardless, after the trial court stated that S-1 contained all elements, Henderson's counsel made no further objection and totally failed to ever advise the trial court which element, if any, was missing. Objections to jury instructions must be specific or they are waived. Collins v. State, 368 So.2d 212 (Miss. 1979); See also Barnett v. State, 563 So.2d 1377 (Miss. 1990). Henderson's failure to specifically advise the trial judge as to which element was missing, coupled with his failure to offer an instruction containing the supposed missing element effectively waived this issue.
This Court, in Edwards v. State, 500 So.2d 967 (Miss. 1986), has held that the crime of attempt consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission, and (3) failure to consummate its commission. Id. at 969. In Thompson v. Krutzer, 103 Miss. 388, 60 So. 334 (Miss. 1912), this Court held that generally "attempt" means an intent to do a certain thing, and some actual, overt effort to put the intent into effect must take place. Id., 60 So. at 335. In Harden v. State, 465 So.2d 321 (Miss. 1985), the Court held that a lewd suggestion to the victim coupled with his physically grabbing her and attempting to carry her away constituted a sufficient overt act. Id. at 322-23.
Although the State's proof must show an overt act, it is sufficient that the indictment alleged that Henderson "attempted to insert his penis in the vagina" to comply with the overt act requirement of the elements of attempted rape. This Court has approved and held as sufficient general language alledging the necessary elements in a rape case. In Allman v. State, 571 So.2d 244 (Miss. 1990), this Court approved the following general language in Jury Instructions S-2A:
The Court instructs the Jury that if you believe from all of the evidence presented in this case beyond a reasonable doubt that the Defendant, Ernest Lee Allman, a male person above the age of eighteen (18) years, did on or about the 1st day of February, 1986, in George County, Mississippi, unlawfully, wilfully and feloniously rape, ravish and carnally know one C.A. [sic], a female person under the age of fourteen (14) years, then in that event, it is your sworn duty to find the defendant guilty of Capital Rape, Count 1.
Id. at 251.
The same language was approved for Jury Instruction S-2B. Surely the majority would require no more additional language in a jury instruction in an attempted rape case than was required and held sufficient by this Court in a rape case. The jury in the case at bar certainly could have concluded from the proof offered and the instructions given that Henderson performed an overt act towards the commission of rape.
Next, we address the issue of why the commission of the rape failed. The majority suggests that the jury could have believed that the rape was not completed because *225 Henderson abandoned his attempt. There simply is no proof of abandonment as Henderson himself recognized. He only casually mentions abandonment in his brief, did not argue it at trial and failed to ask for a jury instruction claiming abandonment as a defense. Henderson suggested alibi instead; claiming that he was across the street at the time of the alleged attempted rape. He even asked to be allowed to draft and submit an alibi instruction to the jury, but failed to offer such an instruction. It should therefore not surprise anyone that Henderson failed to offer any jury instruction containing his theory of defense.
The sole proof offered to the jury on this issue was that Laura "slid out from under him" on each occasion. This Court held in Alexander v. State, 520 So.2d 127 (Miss. 1988) (Prather, J.), that where the appellant's rape attempt failed because of the victim's resistance and ability to sound the alarm, the appellant cannot establish an abandonment defense. Id. at 130. Laura's resistance of sliding out from under Henderson was effective for a nine year old, added to the fact that she sounded the alarm by finally awakening her younger brother, after several unsuccessful attempts and sending him to get their aunt.
Ross v. State, 601 So.2d 872 (Miss. 1992), is of no help to Henderson or the majority. In Ross, an abandonment did take place, accomplished through the verbal urgings of the victim, but with no physical resistance or external intervention which caused the perpetrator to change his mind. Id. at 875.
West v. State, 437 So.2d 1212 (Miss. 1983), also relied upon by the majority, is of little value to Henderson. In West, although West exposed and fondled himself in front of the victim, he made no attempt at penetration, a factor totally contrary to the situation in the case sub judice. Henderson actively and repeatedly attempted to insert his penis into Laura's vagina. His lack of success was certainly not for lack of trying. The sole proof of his failure of prevention was to Laura's actions of "sliding out from under him."
The evidence was more than sufficient to convict Henderson of attempted rape. The instructions, when read and considered as a whole, fully informed the jury of the applicable law and all elements of the offense. This is especially so considering Instructions C-1, S-1 and D-12. This Court has recently reaffirmed this long standing rule in Chase v. State, 645 So.2d 829, 852 (Miss. 1994), wherein the Court stated, "Looking at the instructions as a whole, it cannot be said that there was reversible error in spite of the procedural bar." See also, Thompson v. State, 602 So.2d 1185 (Miss. 1992), wherein the Court stated:
We do not forget the rule that if instructions correctly state the law when read together as a whole, there is no reversible error. Roberts v. State, 458 So.2d 719, 721 (Miss. 1984); Hickombottom v. State, 409 So.2d 1337 (Miss. 1982); Anderson v. State, 397 So.2d 81 (Miss. 1981); Norman v. State, 385 So.2d 1298 (Miss. 1980). Also, if an error in one instruction is cured by another when the instructions are considered as a whole, the error will not be reversible. Roberts, at 721; Church v. State, 288 So.2d 855 (Miss. 1974) (Appeal after remand), 317 So.2d 386 (Miss. 1975), cert. den., 423 U.S. 1016, 96 S.Ct. 450, 46 L.Ed.2d 388 (1975).
Id. at 1190. It would certainly have been a better practice for the State to have included the language of failure or prevention from accomplishing the act in Jury Instruction S-1. However, under the facts of this case, with its combination of a capital rape for which Henderson was acquitted, together with the attempted rape for which Henderson was found guilty, the jury obviously understood the facts of the case as well as the instructions on the law. This Court should affirm the verdict of the jury and the sentence of the lower court.
I respectfully dissent.
BANKS and ROBERTS, JJ., Join this opinion.
NOTES
[1] The name of the minor child has been changed to protect her anonymity.