KING, P.J., for the Court:
¶ 1. Cedric Anderson appeals his conviction by a jury in the Adams County Circuit Court on the charge of sale of a controlled substance within fifteen hundred feet of a church, in violation of Miss.Code Ann. § § 41-29-139, 41-29-142 (Rev.1993). Anderson was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, such sentence to run concurrently with the sentence imposed by the Circuit Court of Adams County in cause number 9871.
¶ 2. Aggrieved by this judgment, Anderson raises two issues for our review.
I. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT’S MOTION FOR MISTRIAL BASED UPON THE FAILURE OF THE STATE TO DISCLOSE ITEMS OF EVIDENCE PRIOR TO THE TRIAL.
II. THE VERDICT REACHED BY THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE; THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT’S MOTION FOR DIRECTED VERDICT AND THE DEFENDANT’S MOTION FOR JUDGEMENT NOT WITHSTANDING THE VERDICT
¶ 3. Finding no harmful error, we affirm the decision of the trial court.
A. FACTS
¶4. Charlotte Freeman (“Freeman”) complained to the Natchez Police Department regarding the drug activity at 101-A Rushing Street. Freeman, who had been invited to parties at this location, knew Jimmy Polk (“Polk”), the owner of the house, and had witnessed the sale of drugs *236 for sex. Freeman offered to be a confidential informant for the Natchez Adams Metro Narcotics Unit, and to purchase illegal drugs from 101-A Rushing Street. Freeman was working with Agents Kyle Wilson, Gerald Mooney, Dale Cowan and Adams County Sheriffs Deputy Frank Smith. The agents issued Freeman two twenty dollar bills with which to purchase drugs. These two twenty dollar bills were photocopied to provide verification of their serial numbers.
¶ 5. On September 12, 1997, Freeman, who was fitted with a body recorder and transmitter, approached Polk at his residence “to make a buy.” Polk obliged by attempting to page various sellers. Anderson returned Polk’s page and offered to be at the Polk residence within fifteen to twenty minutes. Polk then informed Freeman that “Ced” would be coming. Freeman knew Anderson from the parties which she had attended at the Polk residence.
¶ 6. Anderson arrived at the Polk residence, but remained seated in his car. Polk approached the car with Freeman’s two twenty dollar bills. Although Freeman remained inside the house, she saw and recognized Anderson through the screen door. Polk returned with two rocks of crack cocaine. The conversation between Anderson and Polk was not recorded by the Narcotics Unit. Freeman insisted that two rocks were insufficient for forty dollars, whereupon Polk returned to Anderson’s car, and came back with three rocks of crack cocaine.
¶ 7. Freeman wrapped the rocks of crack cocaine in a cigarette wrapper and hastily departed the Polk residence. Anderson remained seated in his car, parked in Polk’s driveway. As Freeman drove off, she informed the Narcotics Unit that Anderson was leaving behind her. The agents stopped Anderson and recovered approximately two hundred and five dollars from him. Included in this amount were two twenty dollar bills bearing the same serial numbers as the drug money issued to Freeman to buy illegal drugs. Anderson was arrested for the sale of crack cocaine. Since the Polk residence, 101-A Rushing Street, was less than fifteen hundred feet from Morgantown Baptist Church, Anderson was charged with sale of a controlled substance in a church zone.
¶ 8. Polk cooperated with the Narcotics Unit and attempted to make a couple more buys for them. However, these efforts of the Unit to make more purchases the same night were unsuccessful. Polk was subsequently indicted for the same charge as Anderson.
¶ 9. Following a trial, a jury in the Circuit Court of Adams County convicted Anderson for the sale of a controlled substance in a church zone. He was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections.
B. ANALYSIS
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT DEFENDANT’S MOTION FOR MISTRIAL BASED UPON THE STATE’S FAILURE TO DISCLOSE ALL EVIDENCE.
¶ 10. Anderson asserts that the trial court erred in failing to grant his motion for mistrial based upon the State’s failure to disclose pieces of evidence. Anderson relies on three pieces of evidence, which he alleges the State did not disclose: 1) the discovery of a plastic wrapper in his car, 2) the actual distance between the location of the Church and the place of sale, and 3) the written report of Jason Alexis, the Mississippi Crime Lab technician. Anderson asserts that since these pieces of evidence were not furnished to him prior to trial as required by Rule 9.04 of the Uniform Criminal Rules of Circuit Court Practice, they should have been suppressed, and that the Court should have granted his motion for mistrial or the motion for directed verdict.
*237 ¶ 11. During the trial, Agent Wilson testified that a plastic wrapper was found in Anderson’s car. Anderson’s counsel made a timely objection, alleging that the State had failed to disclose this information to the defense. The trial court sustained the objection, and the prosecution proceeded without any further reference to a plastic wrapper. Anderson alleges that since the plastic wrapper was not produced during discovery, the mere mention of the same by Wilson warrants a mistrial. We disagree. Rule 9.04 of the Uniform Criminal Rules of Circuit Court Practice, section 1(B), specifically states that, “ The Court shall not be required to either grant a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.”
¶ 12. Anderson further alleges that the State failed to disclose the exact distance between the church and the Polk residence during discovery. Anderson was indicted on the charge of selling cocaine within fifteen hundred feet of a church. During the trial, Agent Wilson testified that the sale of cocaine occurred exactly four hundred and eighty feet from the church. Wilson testified that he had paced the distance and had also verified it with the tachometer of his car. Based upon the State’s failure to disclose the exact distance between the church and the place of sale, Anderson moved for mistrial or a directed verdict. The trial court in denying Anderson’s motion stated that the four hundred and eighty two feet were well within the fifteen hundred feet requirement of the enhanced charge of selling cocaine in a drug zone, and that “there could be an error of two hundred percent or more and it would still be within the fifteen hundred feet.” We agree. The trial court did not err in denying Anderson’s motion.
¶ 18. Anderson also alleges that the trial court erred in admitting the testimony of Jason Alexis (“Alexis”), a Mississippi Crime Lab technician. During the trial, Anderson’s counsel objected to Alexis’s testimony as the State had failed to provide the defense with a copy of Anderson’s one-page report. Anderson alleges that the trial court should have not only excluded Alexis’s testimony, but also have granted his motion for mistrial, or motion for directed verdict. We disagree.
¶ 14. Rule 9.04 of the Uniform Circuit and County Court Rules sets forth the appropriate procedures and remedies for the trial court to consider in resolving discovery violations. The Rule provides that if the defense properly objects to the introduction of evidence offered by the State which has not been timely disclosed, the court will grant the defense a reasonable opportunity to examine the evidence. If, after such time, the defense claims unfair surprise or undue prejudice, the defense may request a continuance or mistrial. Uniform Circuit and Chancery Court Rule 9.04(I)(2).
¶ 15. The record clearly indicates that the State had only provided a copy of the “submission of evidence” to the Crime Lab form to Anderson, and not the actual Crime Lab report. (R-210). In fact the record indicates that the State itself had received a copy of the one-page report, a week before the trial. The court characterized this report as “a faxed copy of a one-page report that the Court normally sees in these type cases indicating that the substance tested was in fact cocaine.” It is also clear from the record that Anderson’s counsel properly and timely made an objection, which the trial court overruled.
¶ 16. Although the record in this case reveals that the guidelines were not followed, we find that it was harmless error. See Jones v. State, 669 So.2d 1383, 1392 (Miss.1995). The purpose of the discovery guidelines and remedies is to avoid an ambush or unfair surprise to either party during the trial. See Frierson v. State, 606 So.2d 604, 607 (Miss.1992). There is no evidence that the discovery violation worked to Anderson’s detriment *238 or prejudiced his case. Anderson was aware that this case involved sale of cocaine. Anderson at no point contended that the substance which he was charged with selling was not cocaine, rather his defense focused on the “lack of credible evidence” connecting him to the illegal substance. It is also worth noting that Anderson was aware that Alexis was listed as a witness for the State.
¶ 17. Anderson failed to establish that the introduction of Alexis’s testimony was “undue prejudice and an unfair surprise” as required by Rule 9.04. Moreover, Mississippi Rule of Evidence 103(a) provides that “[ejrror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” M.R.E. 103(a). See Hunt v. State, 687 So.2d 1154, 1164 (Miss.1996). Anderson does not contend or demonstrate that the evidence introduced by the State affected a substantial right. Anderson also does not contend that the substance tested by Alexis was something other than crack cocaine. Given the purpose of Rule 9.04 and Anderson’s failure to challenge the accuracy of the test, we find this assignment of error is without merit.
II. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE?
¶ 18. In his second assignment of error, Anderson claims that the trial court erred in denying his motion for directed verdict and motion for judgment notwithstanding the verdict because the verdict was against the overwhelming weight of the evidence. Anderson contends that there is no evidence linking him to the crack cocaine sold to Freeman. Anderson alleges that the only evidence against him was the testimony of Jimmy Polk, who was scheduled to be sentenced after Anderson’s trial, making Polk’s testimony inherently suspect and completely unreliable. We disagree.
¶ 19. In reviewing the decision of the trial court, this Court views all the evidence in a light consistent with the jury verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). “It is the function of the jury to weigh the evidence and to determine the credibility of witnesses.” Miller v. State, 634 So.2d 127, 130 ( Miss.1994). The jury heard the testimony of Polk and then assigned appropriate relevance and importance to the testimony. We find that sufficient evidence existed from which the jury could conclude that Anderson was guilty of the sale of crack cocaine in a church zone.
¶ 20. The jury heard from the confidential informant, Charlotte Freeman, who recognized Anderson when he pulled into Polk’s driveway. The jury heard how Polk returned from Anderson’s car with two and then three pieces of cocaine. The jury also heard from the narcotics agents who recovered two twenty dollar bills from Anderson’s possession. The serial numbers of the recovered bills matched the serial numbers of the bills issued to Freeman by the Narcotics Unit. As a result we find that the verdict was not against the overwhelming weight of evidence. Anderson’s second assignment of error is without merit.
¶ 21. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE WITHIN A CHURCH ZONE AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE TO RUN CONCURRENT TO THE SENTENCE IN CAUSE NUMBER 9871 OF THE CIRCUIT COURT OF ADAMS COUNTY, IS AFFIRMED. ALL COSTS IN THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR.