McMILLIN, C.J.,
for the court.
¶ 1. Thomas Parks was convicted of the unlawful taking possession of a motor vehicle. He appeals that conviction asserting the following alleged errors requiring reversal of his conviction: (a) that the trial court erred in denying his request for a circumstantial evidence instruction, (b) that the trial court erred in denying his mistrial motion made after a prosecution witness made an unsolicited inflammatory remark during cross examination, (c) that the trial court erred in admitting into evidence a knife recovered from Parks’s person at the time of his arrest, and (d) that the trial court erred in denying his new trial motion on the ground that the jury’s verdict was against the weight of the evidence. We find no merit in these various issues and affirm the guilty verdict and resulting judgment of sentence entered by the circuit court.
I.
Facts
¶2. The State presented evidence that Parks and an associate were reported to *1086 the police for engaging in suspicious behavior. When the police arrived, Parks pointed to a Jeep vehicle on the side of the road and informed the officer that he had run out of gas. The officer transported Parks to a gasoline station, but Parks was discovered to have no identification, no money, and no keys to the Jeep. After further investigation led the officer to the conclusion that the vehicle was stolen, Parks was detained and a four inch lock blade knife was recovered from his person.
¶ 3. Other evidence presented by the State showed that the Jeep had been stolen from the true owner’s driveway and that the steering column had been damaged in the process of the thief gaining access to ignition wires housed in the column so that the vehicle could be cranked without use of an ignition key.
¶ 4. The defense rested without calling any witnesses or offering any evidence. The jury returned a verdict of guilty.
II.
Circumstantial Evidence Instruction
¶ 5. Parks claims that, because there was no evidence placing him in the vehicle, he was entitled to a circumstantial evidence instruction. Such an instruction is appropriate only when there is no direct evidence linking the defendant to the crime. Mack v. State, 481 So.2d 793, 795 (Miss.1985). In this case, Parks was shown to have been in close proximity to the stolen vehicle and to have made statements to at least two individuals consistent with a claim of ownership or, at a minimum, the right to possession of the Jeep vehicle. This claim of right of possession, plainly refuted by the testimony of the true owner of the Jeep, is direct evidence implicating Parks in the wrongful appropriation of the vehicle. The trial court was plainly correct in denying a circumstantial evidence instruction.
III.
Inflammatory Remark
¶ 6. The individual who had first come into contact with Parks and had alerted law enforcement to his suspicious behavior testified to his recollection of the events as a witness for the prosecution. During cross-examination, defense counsel was apparently attempting to call into question the witness’s ability to positively identify Parks some two years after the incident. In response to such inquiries, the witness, attempting to emphasize his heightened awareness on the night of the incident and, thus, his ability to identify Parks, remarked, “But the night does stick out in my mind because I could have got blasted that night.”
¶ 7. Defense counsel moved that the remark be stricken and then asked for a mistrial. The circuit court handled the matter in the following manner:
Well, I’m going to instruct the jury to disregard that. That doesn’t have anything to do with that. Is anybody going to be affected by that? Is anybody going to be affected by that? If you are, just let me know. That’s fine. We’ll let you off the jury. Is anybody going to be affected by that? Everybody can set that aside and just consider the facts and what you hear today, not the emotions and things like that because you understand, as we told you, you can’t decide things on bias, sympathy, or prejudice? Does everybody understand that? Is there anybody that cannot set it aside? All right.
¶ 8. At that point, the trial continued. The trial court is best positioned to judge the prejudicial impact of objectionable matter that may improperly come be *1087 fore the jury. Alexander v. State, 520 So.2d 127, 131 (Miss.1988). As a result, that court is afforded a measure of discretion when deciding whether such objectionable matter is so prejudicial that mistrial should be declared. Edmond v. State, 312 So.2d 702, 705 (Miss.1975). Plainly, there was no evidentiary value in the State’s witness’s declaration, which suggested the possibility that he could have been shot by Parks when there was nothing to suggest that Parks had been armed with a firearm during the incident. The remark, in actuality, appears to be an exaggeration intended to show the heightened state of excitement the witness felt during his close encounter with a suspected criminal in the early morning hours. The trial court quickly moved to ensure that the jury understood that the remark was inappropriate and instructed the jury to disregard it. The court then sought to question the jurors concerning their ability to ignore the remark and remain focused on the facts and, after being reasonably assured that all jurors could do so, decided to let the trial continue. We do not consider this isolated remark to have done such serious and irreparable harm to the fundamental fairness of the trial that we would be compelled to conclude that the trial court abused its discretion in handling the matter. To the contrary, we find the court’s prompt and thorough handling of the events to be exemplary. We decline to reverse Parks’s conviction on this ground.
IV.
Admission of the Knife into Evidence
¶ 9. Parks claims that the trial court erred when it permitted the State to introduce into evidence the knife recovered from his person on the night he was arrested. His contention is that the knife had no probative value in terms of establishing the essential elements of the crime of motor vehicle theft and that, because the knife was somewhat large, its introduction would be prejudicial in the eyes of the jurors — -apparently on the contention that they would view it as a weapon of violence.
¶ 10. At trial, the State countered this argument by pointing out that the proof showed that the vehicle had been subjected to damage in the process of being “hot-wired” by the thief in a manner that indicated the need for a tool of some sort, and that no other tools or devices capable of inflicting that sort of damage were discovered. Further, the prosecution pointed out that an investigating officer was prepared to testify, based on his experience in such matters, that the knife was capable of causing the steering column damage found on the Jeep.
¶ 11. The trial court commented on both the evidentiary value of the knife and the court’s conclusion that there was nothing particularly inflammatory or prejudicial surrounding the fact that Parks was found to be carrying a knife of this type. The court went so far as to comment that it would not be surprised if some members of the jury might not routinely carry knives of that sort on their person. On that basis, the court decided to admit the knife into evidence. That ruling is now said to constitute reversible error.
¶ 12. The trial court is vested with substantial discretion in controlling the flow of evidence at trial. Austin v. State, 784 So.2d 186, 193(¶ 23) (Miss.2001). Even in the situation where it is made to appear that an erroneous ruling has been made, that alone does not constitute reversible error. Rather, it must also be made to appear that the improper ruling has so affected some fundamental right of the aggrieved litigant that the underlying fairness of the trial has been undermined. See M.R.E. 103(a); Anderson v. State, 749 So.2d 234, 239(¶ 17) (Miss.Ct.App.1999).
*1088 ¶ 13. In this instance, we conclude that the trial court was acting within the range of its discretion when it found both (a) that the knife has some evidentiary value based on the fact that it would help the jury to understand how Parks might have been able to crank the Jeep without benefit of an ignition key, and (b) that its probative value was not outweighed by any prejudicial impact that might arise by virtue of the jury learning that he was armed with a knife of this description. See M.R.E. 403.
V.
The Weight of the Evidence
¶ 14. After presenting no evidence tending to show he was not involved in the theft of the Jeep after the State rested, Parks contended before the trial court that he was entitled to a new trial because the jury’s verdict was against the weight of the credible evidence. The trial court denied that new trial motion, and Parks cites that ruling as reversible error in his appeal.
¶ 15. The trial court is vested with some measure of discretion in ruling on a new trial motion on this ground since such a ruling necessarily involves a subjective weighing by the court of the probative value of the various aspects of the proof. McClain v. State, 625 So.2d 774, 781 (Miss.1993). The court is charged to view the evidence in the light most favorable to upholding the verdict and to order a new trial only if it determines, based on its review, that to permit a verdict of guilty to stand would work a manifest injustice. Montana v. State, 822 So.2d 954, 967-68(¶ 61) (Miss.2002).
¶ 16. If the trial court denies the motion and that ruling is appealed, the appellate court is charged to review the evidence in that same light favoring the prosecution, and the appellate court may reverse only if it concludes that the trial court abused the discretion afforded it in such matters. Id.
¶ 17. There was substantial evidence in the record tending to implicate Parks in the unlawful appropriation of this vehicle, which was countered by no evidence presented by the defense beyond attempts to impeach the State’s witnesses through cross-examination. In that circumstance, we can find no support for the proposition that the trial court abused its discretion in denying the defense motion for a new trial on the ground that the jury’s verdict was against the weight of the evidence.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF UNLAWFUL POSSESSION OF A MOTOR VEHICLE AND SENTENCE OF FIVE YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ORDER TO PAY FINE OF $1,000 AND RESTITUTION OF $500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.