795 So.2d 582 (2001)
Donald KIZART, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00805-COA.
Court of Appeals of Mississippi.
September 18, 2001.
*583 Raymond L. Wong, Cleveland, for Appellant.
Office of the Attorney General by W. Glenn Watts, for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Donald Kizart was convicted by a Bolivar County jury on one count of attempted car jacking. He was subsequently sentenced to five years in the custody of the Mississippi Department of Corrections, with two years suspended. On appeal, he makes three assignments of error:
I. THE TRIAL COURT COMMITTED ERROR IN REFUSING TO GIVE JURY INSTRUCTION D-2 ON ABANDONMENT WHERE THERE WAS AN EVIDENTIARY BASIS FOR THE INSTRUCTION AND IT WAS THE ONLY INSTRUCTION ENCOMPASSING THE DEFENSE'S THEORY OF THE CASE.
II. THE TRIAL COURT COMMITTED ERROR IN REFUSING TO INSTRUCT THE JURY ON THE LEGAL DEFINITION OF "OVERT ACT."
III. THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT WHERE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST THE APPELLANT AND WHERE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND EVIDENCED BIAS AND PREJUDICE AGAINST THE APPELLANT.
Finding no error, we affirm.

FACTS
¶ 2. On the morning of February 9, 2000, Howard Rodgers was sitting in the front passenger seat of his daughter's 1998 Lincoln Navigator in the parking lot of the Cleveland, Mississippi, Kroger store. Rodgers, then seventy-one years of age and physically handicapped, was waiting for his wife and daughter, who were inside the store. All of the doors of the truck were locked. All of the windows were up except for the passenger side, front seat window where Rodgers was sitting. That window was down about eight inches.
¶ 3. Kizart walked up to window where Rodgers was sitting and put his hand through the open window in an attempt to unlock the door. Kizart told Rodgers to get out of the vehicle, but Rodgers grabbed Kizart's hand and thus prevented him from opening the passenger door. After several foiled attempts to unlock the door through the open window, Kizart walked around to the driver's side and attempted to open the front door, but it was locked. Kizart then fled the parking lot.
¶ 4. When Rodgers's wife and daughter came out of the Kroger, he told them the story, and his daughter went back into the store and called the police. Kizart was apprehended a short time later in a hotel. He was then brought back to the Kroger and identified by Mr. Rodgers.

ANALYSIS

I. THE TRIAL COURT COMMITTED ERROR IN FAILING TO GIVE JURY INSTRUCTION D-2 ON ABANDONMENT WHERE THERE WAS AN EVIDENTIARY BASIS FOR THE INSTRUCTION AND IT WAS THE ONLY INSTRUCTION ENCOMPASSING THE DEFENSE'S THEORY OF THE CASE.
¶ 5. Kizart claims that the trial court erred when it refused to give his jury *584 instruction on abandonment. In doing so, he cites Hester v. State, 602 So.2d 869 (Miss.1992). In that case, the Mississippi Supreme Court stated that:
[e]ven though based on meager evidence and highly unlikely, a defendant is entitled to have every legal defense he asserts to be submitted as a factual issue for determination by the jury under proper instruction of the court. Where a defendant's proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of the case, refusal to grant it constitutes reversible error.
Id. at 872.
¶ 6. Kizart argues that an evidentiary basis for the defense of abandonment was established at trial. In support of this notion, he maintains that the "extraneous cause" requirement of Miss.Code Ann. § 97-1-7 (Rev.2000), as discussed in Ross v. State, 601 So.2d 872, 874 (Miss.1992), was not satisfied. Kizart points out that nobody came to Rodgers's aid, nor did Rodgers blow the horn on the automobile. Rather, Kizart claims, he abandoned the crime when he discovered that the doors to the truck were locked. Thus, he contends, there were no extraneous causes for his failure to consummate the crime.
¶ 7. This argument ignores the holding and reasoning of the Ross case. In Ross, the defendant ceased in his efforts to rape a woman after she begged him not to commit the crime and informed him that the school bus would be dropping her daughter off any minute. Id. at 873. In reversing the denial of Ross's motion for directed verdict, the court noted that he abandoned his efforts in response to the would-be victim's statement that she had a little girl. Id. at 875. No one, the court concluded, prevented him from completing the crime. Id. The court distinguished the facts presented in Ross from those of Alexander v. State, 520 So.2d 127, 130 (Miss. 1988), in which the evidence showed that the defendant's rape attempt failed as a result of the physical resistance of and pulling of the alarm by the would-be victim. Ross, 601 So.2d at 875. The court held that
abandonment occurs where, through the verbal urging of the victim, but with no physical resistance or external intervention, the perpetrator changes his mind. At the other end of the scale, a perpetrator cannot claim that he abandoned his attempt when, in fact, he ceased his efforts because the victim or a third party intervened or prevented him from furthering the attempt.
Id.
¶ 8. In the case at bar, the evidence shows that Kizart's efforts to steal the automobile were thwarted by the actions of Rodgers. Every time Kizart reached into the window of the automobile to open the door, Rodgers would grab his hand. After several failed attempts to open the door through the window, Kizart walked around to the other side of the truck, only to find that door locked as well. It was only then that Kizart deserted his attempt. It is clear that "he ceased his efforts because the victim ... prevented him from furthering the attempt." Id. The denial of the jury instruction on abandonment does not, therefore, warrant reversal.

II. THE TRIAL COURT COMMITTED ERROR IN REFUSING TO INSTRUCT THE JURY ON THE LEGAL DEFINITION OF "OVERT ACT."
¶ 9. In his next assignment of error, Kizart challenges the trial court's denial of his jury instruction providing a definition of an "overt act." We review jury instructions taken as a whole not individually out of context. Austin v. State, *585 784 So.2d 186, 192 (¶ 18) (Miss.2001). The judge stated, and we agree, that the grant of this instruction, in light of refusing the previous instruction on abandonment, would have been confusing to the jury. The overt acts Kizart is concerned with defining are numerous in the fact scenario of this case. The State's given instruction, which is not numbered in the record, defines the crime of attempted car jacking. The instruction is unambiguous and includes the language of the statute. The record and the above argument clearly convey which acts by Kizart were overt and how many of these acts were executed. Had the denial of this instruction been error, it would be of a trifling nature and would not warrant reversal. There is no merit to this assignment of error.

III. THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT WHERE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST THE APPELLANT AND WHERE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND EVIDENCED BIAS AND PREJUDICE AGAINST THE APPELLANT.
¶ 10. In his final assignment of error, Kizart asks that this Court find that the prosecution failed to establish a prima facie case against him, thus requiring a directed verdict in his favor. In reviewing the denial of a criminal defendant's motion for directed verdict, we are bound to consider all of the evidence in the light most favorable to the State. Garth v. State, 771 So.2d 984, 986 (¶ 6) (Miss.Ct.App.2000). We will not reverse unless we find that a reasonable juror could only find the defendant not guilty. Id.
¶ 11. The uncontradicted evidence presented in this case shows that Kizart walked up to an automobile in the Kroger parking lot in Cleveland, Mississippi. Kizart then reached into the window of the automobile and attempted to unlock the door from the inside. This attempt was averted when Rodgers, who was sitting in the vehicle, grabbed Kizart's hand. After several more thwarted attempts to unlock the passenger side door through the open window, Kizart walked around to the driver's side of the vehicle and attempted to open that door. When he found that all of the doors of the vehicle were locked, he left the premises. As discussed above, there was absolutely no evidence presented tending to indicate that Kizart abandoned the crime. Therefore, the denial of his motion for directed verdict was proper, and this appeal must fail.
¶ 12. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF ATTEMPTED CAR-JACKING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED AND TWO YEARS POST RELEASE SUPERVISION IS AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.